IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO.:

LISA ANN VAUGHN and PHILLIP VAUGHN

      Plaintiffs,

v.

HARRELL W. REVELL, individually and in his
official capacity as Sheriff of Liberty County,
Florida; FANNIE PARTRIDGE, individually and in
her supervisory capacity as Jail Administrator for
Liberty County, Florida; DAVID L. TATUM,
individually and in his official capacity as Sheriff of
Calhoun County, Florida; SONNY COBURN,
individually and in his supervisory capacity as Jail
Administrator for Calhoun County, Florida;
MICHAEL BRYANT, individually and in his
official capacity as Investigator; WILLIAM
STRAWN, individually and in his official capacity
as Correctional/Transport Officer.

      Defendants.

_____/

## COMPLAINT

    Plaintiffs, LISA ANN VAUGHN, (VAUGHN) and PHILLIP VAUGHN (HUSBAND),

sues the Defendants, HARRELL W. REVELL, (SHERIFF REVELL), FANNIE PARTRIDGE

(PARTRIDGE), DAVID L. TATUM, (SHERIFF TATUM), SONNY COBURN (COBURN),

MICHAEL BRYANT (BRYANT)  WILLIAM "Billy" STRAWN (STRAWN) and hereby

allege:

## JURISDICTION AND VENUE

1.   Plaintiff VAUGHN is a citizen of the United States and a resident of the State of Florida.  At all times material hereto, Plaintiff VAUGHN, was a resident of Calhoun County, Florida.

2.   All incidents complained of in this matter took place or affected Plaintiff VAUGHN within the Northern District of Florida.

3.   At all times material hereto, Defendant SHERIFF REVELL was Sheriff of Liberty County, Florida, and was the ultimate policymaker for the Office of Sheriff and for Jail employees.

4.   At all times material hereto, Defendant PARTRIDGE was an employee of the Sheriff of Liberty County, Florida.  Defendant PARTRIDGE was Defendant SHERIFF REVELL'S agent and authorized policy maker on behalf of Liberty County and the Sheriff for those working at the Liberty County Jail.

5.   At all times material hereto, Defendants were acting within the course and scope of their employment.

6.   The Board of County Commissioners of Liberty County is a local governmental entity which is the subdivision of the State of Florida, charged under the constitution and laws of the State of Florida, with governance of Liberty County, Florida.

7.   The Board of County Commissioners of Liberty County approves the budget of the Office of the Liberty County Sheriff and otherwise exercises authority over said office.

2

8.    At all times material hereto, Defendant SHERIFF TATUM was Sheriff of

Calhoun County, Florida, and was the ultimate policymaker for the Office of

Sheriff and for Jail employees.

9.    At all times material hereto, Defendant COBURN was an employee of the Sheriff

of Calhoun County, Florida.  Defendant COBURN was Defendant SHERIFF

TATUM'S agent and authorized policy maker on behalf of Calhoun County and

the Sheriff for those working at the Calhoun County Jail.

10.    At all times material hereto, Defendant COBURN was Defendant SHERIFF

TATUM'S agent and authorized policymaker on behalf of Calhoun County and

the Sheriff for those working at the County Jail.

11.    The Board of County Commissioners of Calhoun County is a local governmental

entity which is the subdivision of the State of Florida, charged under the

constitution and laws of the State of Florida, with governance of Calhoun County,

Florida.

12.    The Board of County Commissioners of Calhoun County approves the budget of

the Office of the Calhoun County Sheriff and otherwise exercises authority over

said office.

13.    At all times material hereto, Defendants BRYANT and STRAWN were

employees of Defendant SHERIFF TATUM, as Sheriff of Calhoun County,

Florida.  At all times material hereto, Defendants BRYANT and STRAWN were

Defendant SHERIFF TATUM'S agents on behalf of Calhoun County and the

Sheriff.

14.    At all times material hereto, Defendants were acting within the course and scope of their employment.

15.    This is an action for damages under provisions of 42 U.S.C. §1983.  This Court has jurisdiction under 28 U.S.C. §§1331 and 1343.

16.    Pursuant to 28 U.S.C. §1367, Plaintiff VAUGHN requests this Court exercise supplemental jurisdiction over all state law counts.  Notice of the instant claim has been served in compliance with Section 768.28, Florida Statutes; all other conditions precedent has been fulfilled.

17.    All Defendants are persons under applicable law.

## GENERAL ALLEGATIONS

18.    Plaintiff VAUGHN hereby re-alleges the allegations of paragraphs 1-17 above and incorporates those allegations herein, and further alleges as follows:

19.    At all times relevant herein, Plaintiff VAUGHN was housed as an inmate in the Liberty County Jail, or in the custody of jail personnel of either Liberty or Calhoun County, both of which are administered by the Sheriffs of those respective counties.

20.    At all times material hereto, Calhoun County female arrestees were housed in the Liberty County Jail.

21.    On or about March 20, 2008, Plaintiff VAUGHN was arrested in Calhoun County, Florida.  As a result, Plaintiff VAUGHN was transported and housed in the Liberty County Jail.

22.    On or about April 22, 2008, Defendant BRYANT visited Plaintiff VAUGHN at the Liberty County Jail, advising Plaintiff VAUGHN that she needed to "work for him" and he would "drop all of the charge(s) and let her go." Here, Defendant BRYANT fondled Plaintiff VAUGHN'S breast, kissing her face and mouth, pulling her hair while attempting the forcible rape of Plaintiff VAUGHN. As a result of Plaintiff VAUGHN'S cries and pleas for Defendant BRYANT to stop, Defendant BRYANT gave Plaintiff VAUGHN an option of getting names of local drug dealers and abusers to him. Plaintiff VAUGHN told Defendant BRYANT that both the dealers and abusers would want sex from her, to which Defendant BRYANT responded, "Do whatever you have to, if you want to get outta here and see your kids again."

23.    Two days later, on or about April 24, 2008, Defendant BRYANT visited Plaintiff VAUGHN again at the Liberty County Jail, threatening Plaintiff VAUGHN that he "had to pull a lot of strings to get you outta here – you owe me – and I mean big time." Defendant BRYANT further threatened Plaintiff VAUGHN, "fuck me on this and I'll fuck you back." "Today is your lucky day; you're going home – Billy is on his way to take you home."

24.    On or about this same day, April 24, 2008, as promised by Defendant BRYANT, the allegations against Plaintiff VAUGHN had been dropped.

25.    On or about this same day, April 24, 2008, Defendant STRAWN arrived at the Liberty County Jail, and advised Plaintiff VAUGHN he was there to take her home. As Plaintiff VAUGHN walked toward the rear of the patrol car to get into the back seat, Defendant STRAWN instructed Plaintiff VAUGHN, "No, no, no,

you get in the front seat – with me." During the ride to Plaintiff VAUGHN'S

parents' home, Defendant STRAWN advised Plaintiff VAUGHN it was time to

"pay up" for her release.

26.    Plaintiff VAUGHN, frightened, began pleading and begging Defendant

STRAWN to just take her home; however, Defendant STRAWN then proceeded

to fondle, molest and attempt the forcible rape Plaintiff VAUGHN.

27.    Defendant PARTRIDGE, Jail Administrator, for Liberty County, knew of

Defendants STRAWN'S and BRYANT'S reputations for sexually violent

behavior toward young female inmates. Defendants STRAWN'S and

BRYANT'S assaultive behaviors to such victims who were under their control as

the transport officer and investigator for the Calhoun County Sheriff had been

reported to her by one or more persons. Defendants STRAWN'S and

BRYANT'S propensity toward sexual aggression and resulting assaults were

generally well known at both the Liberty and Calhoun County Sheriff's Offices

and Jails. While other victims of their sexual aggression asked Defendant

PARTRIDGE to intervene, she willfully disregarded their pleas and failed to take

corrective action.

28.    Defendant PARTRIDGE deliberately disregarded her duty to promulgate or

implement policies to safeguard female inmates from sexual abuse at the jail.

Defendant PARTRIDGE failed to take effective action as the Jail Administrator

for Liberty County, or to otherwise restrain Defendants STRAWN and BRYANT.

The failure to take effective action denotes Defendant PARTRIDGE'S deliberate

indifference for the safety and well-being of Plaintiff VAUGHN or any other

female inmate having the misfortune to fall under Defendants STRAWN'S or BRYANT'S control. Specifically, Defendant PARTRIDGE failed to implement policies or procedures for the safety of female inmates while being housed at the Liberty County Jail, or for the safe transportation of female inmates whom may be vulnerable to sexual abuse. Additionally, Defendant PARTRIDGE failed to implement or promulgate policies for training, reporting or discipline relating to sexual aggression.

29.     Defendant SHERIFF REVELL deliberately disregarded his duty to promulgate or implement policies to safeguard inmates from sexual abuse at the jail. Defendant SHERIFF REVELL failed to implement policies or procedures for the safe transportation of inmates whom may be vulnerable to sexual abuse; failed to implement or promulgate policies for training, reporting or discipline relating to sexual aggression. Defendant SHERIFF REVELL's failure to promulgate or implement safeguarding policies, or take any effective action, resulted in a deliberate disregard for the safety and well-being of Plaintiff VAUGHN or any other female inmate who may have the misfortune of being under the control of Defendants BRYANT and STRAWN.

30.     Defendant SHERIFF REVELL, as the Liberty County Sheriff, deliberately disregarded his duty to take effective action, by failing to adequately remedy the assaultive behaviors of Defendants STRAWN and BRYANT, and by not disallowing the transportation of the female inmates housed in the Liberty County Jail, by Defendant STRAWN, and by failing to effectively monitor the actions of correction officers in the Liberty County Jail. Defendant SHERIFF REVELL,

7

knew of Defendants STRAWN'S and BRYANT'S behaviors for sexual aggression toward women because it was reported to him by one or more persons on more than one occasion and such was generally well known at both the Liberty and Calhoun County Jails.  Although Defendant SHERIFF REVELL knew of Defendants STRAWN'S and BRYANT'S sexual aggression and the associated reports, Defendant SHERIFF REVELL with deliberate indifference for the female inmates, failed to take corrective action.

31.   The policies of Defendant SHERIFF REVELL, as Sheriff of Liberty County, and Defendant PARTRIDGE as Jail Administrator, in administering the Liberty County Jail, contributed to the battery, assault and attempted rape of Plaintiff VAUGHN by their respective failures to implement policies which held jail officers or those with official jail access, accountable for their actions; by failing to properly document and supervise its inmate transportation program; by failing to effectively monitor the actions of correction officers in the Liberty County Jail; by failing to require officers to report and document movements of female jail inmates, and by failing to enact and enforce policies which respond to complaints of gender-based aggression and violence.

32.   Defendant COBURN, Jail Administrator, for Calhoun County, knew of Defendants STRAWN'S and BRYANT'S reputations for sexually violent behavior toward young female inmates.  Defendants STRAWN'S and BRYANT'S assaultive behavior to such victims who were under their control as the transport and correctional officers for the Calhoun County Sheriff had been reported to him by one or more persons.  Defendants STRAWN'S and

BRYANT'S propensity toward sexual aggression and resulting assaults were generally well known at both the Liberty and Calhoun County Sheriff's Offices and Jails. While other victims of their sexual aggression asked Defendant COBRURN to intervene, he willfully disregarded their pleas and failed to take corrective action.

33.   Defendant COBURN deliberately disregarded his duty to promulgate or implement policies to safeguard female inmates from sexual abuse at the jail. Defendant COBURN failed to take effective action as the Jail Administrator for Calhoun County. Additionally, as Defendants STRAWN'S and BRYANT'S superior officer, Defendant COBURN failed to discipline or otherwise restrain Defendants STRAWN and BRYANT. Defendant COBURN'S failure to take effective action denotes his deliberate indifference for the safety and well-being of Plaintiff VAUGHN or any other female inmate having the misfortune to fall under Defendants STRAWN'S or BRYANT'S control. Specifically, Defendant COBURN failed to implement policies or procedures for the safe transportation of female inmates whom may be vulnerable to sexual abuse; failed to implement or promulgate policies for training, reporting or discipline relating to sexual aggression.

34.   Defendant SHERIFF TATUM, Calhoun County Sheriff, deliberately disregarded his duty to take effective action, to disallow Defendant STRAWN to perform the transportation of the Calhoun County arrestees who were detained in the Liberty County Jail. Defendant SHERIFF TATUM, Calhoun County Sheriff, knew of Defendant STRAWN'S reputation for sexual aggression toward women because

it was reported to him by one or more persons on more than one occasion and
such was generally well known at the Calhoun County Jail.  Although Defendant
SHERIFF TATUM knew of Defendant STRAWN'S sexual aggression and the
associated reports, Defendant SHERIFF TATUM with deliberate indifference for
the female inmates, failed to take corrective action.

35.    Defendant SHERIFF TATUM deliberately disregarded his duty to promulgate or
implement policies to safeguard female inmates from sexual abuse while at the
jail, or while in custody of his Office.  Defendant SHERIFF TATUM failed to
implement policies or procedures for the safe transportation of female inmates
whom may be vulnerable to sexual abuse; failed to implement or promulgate
policies for training, reporting or discipline relating to sexual aggression.
Defendant SHERIFF TATUM'S failure to promulgate or implement safeguarding
policies, or take any effective action, resulted in the deliberate indifference for the
safety and well-being of Plaintiff VAUGHN or any other female inmate who may
have the misfortune of being under the control of Defendants BRYANT or
STRAWN.

36.    The policies of Defendant SHERIFF TATUM, as Sheriff of Calhoun County, and
Defendant COBURN as Jail Administrator, in administering the Calhoun County
Jail, contributed to the battery, assault and attempted rape  of Plaintiff VAUGHN
by their respective failures to implement policies which held jail officers or
employees accountable for their actions; by failing to properly document and
supervise its inmate transportation program; by failing to effectively monitor the
actions of correctional officers or those acting in their office jail capacity; by

10

failing to require officers to report and document movements of female jail

inmates, and by failing to enact and enforce policies which respond to complaints

of gender-based aggression and violence.

37.     Defendant SHERIFF TATUM, as the Sheriff of Calhoun County, failed to take

effective action, as Defendants BRYANT'S and STRAWN'S employer, to

discipline or otherwise restrain them.  As a direct result, Defendant SHERIFF

TATUM operated with deliberate indifference regarding the safety and well-being

of Plaintiff VAUGHN or any other young woman who may have the misfortune

of being under Defendants BRYANT'S or  STRAWN'S control.

38.     All Defendants are persons under applicable law.

39.     Plaintiff, HUSBAND, as a result of the allegations contained herein, has suffered

a loss of consortium, resulting in a loss of material services, societal activities,

guidance, companionship and sexual relations.  Said losses are either permanent

or continuing and Plaintiff HUSBAND will suffer the losses in the future.

COUNT I: CIVIL RIGHTS REMEDIES FOR
GENDER-MOTIVATED VIOLENCE ACT, 42 U.S.C. §13981

40.     Plaintiff VAUGHN hereby re-alleges the allegations of paragraphs 1-39 above

and incorporates those allegations herein and further alleges:

41.     Defendants SHERIFF REVELL, PARTRIDGE, SHERIFF TATUM, COBURN,

STRAWN and BRYANT committed wrongful acts which include acts which

violate Plaintiff VAUGHN'S right to be free from crimes of violence motivated

by gender within the meaning of 42 U.S.C. §13981.

42. Pursuant to the Florida Statutes, the attempted rape of Plaintiff VAUGHN by Defendant BRYANT in the Liberty County Jail constitutes the felony of attempted sexual battery.

43. Pursuant to the Florida Statutes, the attempted rape of Plaintiff VAUGHN by Defendant STRAWN in the Calhoun County patrol vehicle constitutes the felony of sexual battery under the laws of Florida.

44. Pursuant to the Florida Statutes, the physical restraint and confinement of Plaintiff VAUGHN by Defendants BRYANT and STRAWN during the instances referred to herein is the felony of false imprisonment.

45. Defendants BRYANT nor STRAWN would not have attempted to rape Plaintiff VAUGHN but for the fact that she is a female; nor would they have restrained and confined her for the purpose of perpetrating the sexual acts upon, but for the fact that she is a female.

46. The aforementioned felonious acts of violence against Plaintiff VAUGHN by Defendants BRYANT and STRAWN were motivated by her gender.

47. The aforementioned felonious acts of violence against Plaintiff VAUGHN by Defendants BRYANT and STRAWN are attributable to Defendants SHERIFF REVELL, PARTRIDGE, SHERIFF TATUM, COBURN as well as Defendants BRYANT and STRAWN.

48. Defendants BRYANT nor STRAWN could not have accomplished the aforementioned felonious acts of violence committed against Plaintiff VAUGHN but for their use of their authority and position delegated to them by Defendants SHERIFF REVELL, PARTRIDGE, SHERIFF TATUM and COBURN.

49.   Defendants SHERIFF REVELL, PARTRIDGE, SHERIFF TATUM, COBURN, BRYANT and STRAWN'S actions or lack thereof referred to herein were willful, wanton and with deliberate indifference of Plaintiff VAUGHN'S rights.

50.   As a direct and proximate result of the above felonious acts of violence against Plaintiff VAUGHN, she sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, or lack thereof and as a result thereof is entitled to compensatory damages pursuant to the above provisions.

51.   As a direct result of the Defendants' willful disregard for Plaintiff VAUGHN'S rights, she is entitled to a substantial award of punitive damages against Defendants sued in their individual capacities.

52.   As a direct result of the facts and circumstances contained herein, Plaintiff VAUGHN has been compelled to retain counsel to represent her to vindicate her rights.  Pursuant to the provisions of 42 U.S.C. §1988, Plaintiff VAUGHN is entitled to an award of reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff VAUGHN seeks compensatory damages, punitive damages and attorneys' fees against all of the above named Defendants individually, and compensatory damages and attorneys' fees against Defendant SHERIFF REVELL, Sheriff of Liberty County, Florida; and Defendant SHERIFF TATUM, Sheriff of Calhoun County, Florida.

## COUNT II: EXCESSIVE FORCE IN VIOLATION OF FOURTH AMENDMENT

53.    Plaintiff VAUGHN hereby re-alleges the allegations of paragraphs 1-39 above

and incorporates those allegations herein and further alleges:

54.    Defendant BRYANT committed assault, battery and attempted rape against

Plaintiff VAUGHN on or about April 22, 2008, without consent or lawful

authority, by fondling her body and pulling at her clothing and hair; all in

violation of the Fourth and Fourteenth Amendments.

55.    Defendant BRYANT intended to cause this harmful, offensive and unlawful

contact with Plaintiff VAUGHN in that the fondling of her body and pulling at

her clothing and hair and other acts were in a deliberate disregard for Plaintiff

VAUGHN'S rights and her person and threatened her in the course of such acts.

56.    Defendant BRYANT exceeded the level of authority and force necessary to

enforce compliance with lawful commands and acted with deliberate indifference

of Plaintiff VAUGHN'S human rights, safety and property.

57.    Defendant BRYANT misused his power, possessed by virtue of state law and

made possible only because Defendant BRYANT was clothed with the authority

of state law.  The violation of Plaintiff VAUGHN's rights as enumerated herein,

occurred under the color of state law and is actionable under 42 U.S.C. §1983.

58.    Defendant SHERIFF REVELL, Liberty County Sheriff and Defendant

PARTRIDGE Jail Administrator for Liberty County, furthered Defendant

BRYANT'S access and ability to assault and batter Plaintiff VAUGHN.  As a

result, Defendants SHERIFF REVELL and PARTRIDGE were responsible for

Defendant BRYANT'S continuing sexual abuse of Plaintiff VAUGHN.   In their

failure to adequately investigate and effectively remedy the prior complaints of

14

similar wrongful conduct by Defendant BRYANT, Defendants SHERIFF

REVELL and PARTRIDGE, with deliberate indifference for female inmates

safety, property and rights, specifically, Plaintiff VAUGHN'S, revealed their

deliberate indifference.  In the retention, inadequate training, supervision or

discipline of Defendant BRYANT, he was ultimately provided both the

opportunity and platform to perpetrate such harms upon Plaintiff VAUGHN.

59.   The aforementioned actions of Defendants SHERIFF REVELL, PARTRIDGE,

SHERIFF TATUM, COBURN and BRYANT, were willful and wanton, all

clothed in the deliberate indifference of Plaintiff VAUGHN'S rights.

60.   As a direct and proximate result of the above unlawful acts and omissions,

Plaintiff VAUGHN sustained emotional pain, anguish, humiliation, insult,

indignity, loss of self-esteem, inconvenience, and hurt, because of Defendants'

actions and is therefore entitled to compensatory damages pursuant to the above

referenced provisions.

61.   As a result of the willful and malicious conduct of the Defendants, as set forth

herein, Plaintiff VAUGHN is entitled to a substantial award of punitive damages

against Defendants sued in their individual capacities.

62.   Plaintiff VAUGHN has been compelled to retain counsel to represent her to

vindicate her rights.  Pursuant to the provisions of 42 U.S.C. §1988, Plaintiff

VAUGHN is entitled to an award of reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff VAUGHN seeks compensatory damages,

punitive damages and attorneys' fees against all of the above Defendants

individually, and compensatory damages and attorneys' fees against Defendants

15

SHERIFF REVELL as Sheriff of Liberty County, Florida; and Defendant

SHERIFF TATUM as Sheriff of Calhoun County, Florida.

## COUNT III: CRUEL AND UNUSUAL PUNISHMENT IN
## VIOLATION OF FOURTH AMENDMENT

63.   Plaintiff VAUGHN hereby re-alleges the allegations of paragraphs 1-39 above

and incorporates those allegations herein and further alleges as follows:

64.   On or about April 24, 2008, Defendant STRAWN committed sexual assault and

battery against Plaintiff VAUGHN, without consent or lawful authority, by

fondling her body and pulling at her clothing in violation of the Fourth and

Fourteenth Amendments.

65.   Defendant STRAWN intended to cause this harmful and offensive contact with

Plaintiff VAUGHN in that the fondling and other harmful acts were deliberate.

Defendant STRAWN threatened Plaintiff VAUGHN in the course of these

harmful acts which were substantially certain to result in harm and offense.

66.   Defendant STRAWN exceeded the level of force necessary to enforce compliance

with lawful commands and acted with malicious purpose and in a manner

exhibiting wanton and willful disregard of Plaintiff VAUGHN'S human rights,

safety and property.

67.   Defendant STRAWN misused his power, possessed by virtue of state law and

made possible only because Defendant STRAWN was clothed with the authority

16

of state law. The violation of Plaintiff VAUGHN'S rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. Section 1983.

68.    Defendants SHERIFF REVELL, PARTRIDGE, SHERIFF TATUM and COBURN having had prior notice of similar wrongful conduct by Defendant STRAWN, intentionally furthered Defendant STRAWN'S ability to sexually assault and batter her and were therefore responsible for his continuing sexual abuse of Plaintiff VAUGHN and exhibited deliberated indifference in failing to adequately investigate and remedy the complaints and in retaining but failing to adequately train, supervise or discipline Defendant STRAWN to prevent such harm.

69.    The foregoing actions of Defendants SHERIFF REVELL, PARTRIDGE, SHERIFF TATUM and COBURN, were willful, wanton and with deliberate indifference of Plaintiff VAUGHN'S rights.

70.    Relentless and repetitive sexual abuse of a female inmate is not a component of the resulting penalty that offenders receive for offenses against society. As a result, such sexual abuse constitutes a cognizable claim of cruel and unusual punishment in violation of the Eighth Amendment.

71.    As a direct and proximate result of the above unlawful acts and omissions, Plaintiff VAUGHN sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

72.   Based upon the willful and malicious conduct of these Defendants, as is set out herein, Plaintiff VAUGHN is entitled to a substantial award of punitive damages against Defendants sued in their individual capacities.

73.   Plaintiff has been forced to retain counsel to represent her to vindicate her rights. Pursuant to the provisions of 42 U.S.C. Section 1988, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff VAUGHN seeks compensatory damages, punitive damages, and attorneys' fees against all the above Defendants individually, and compensatory damages and attorney's fees against Defendants SHERIFF REVELL as Sheriff of Liberty County, Florida; and Defendant SHERIFF TATUM as Sheriff of Calhoun County.

## COUNT IV: DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS VIOLATION OF FOURTH AMENDMENT

74.   Plaintiff VAUGHN hereby re-alleges the allegations of paragraphs 1-39 above and incorporates those allegations herein and further alleges as follows:

75.   In extorting sex from Plaintiff VAUGHN in return for granting VAUGHN'S freedom to see her children, Defendants BRYANT and STRAWN both violated Plaintiff VAUGHN'S Fourteenth Amendment right against deprivation of property without due process.

76.   Defendants BRYANT and STRAWN misused their power, possessed by virtue of state law and made possible only because Defendants BRYANT and STRAWN were clothed with the authority of state law.  The violation of Plaintiff

VAUGHN'S rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. Section 1983.

77.    Defendants SHERIFF REVELL, Liberty County Sheriff, PARTRIDGE, SHERIFF TATUM, Calhoun County Sheriff, and COBURN having had prior notice of similar wrongful conduct by Defendants BRYANT and STRAWN, exhibited deliberate indifference in failing to adequately investigate and remedy the complaints and in retaining but failing to adequately train, supervise or discipline Defendants BRYANT or STRAWN to prevent such harm.

78.    In Defendants SHERIFF REVELL, PARTRIDGE, SHERIFF TATUM, and COBURN'S failure to promulgate policies, they permitted or encouraged or permitted the cover-up of such actions by Defendants BRYANT and STRAWN. As a result, Defendants SHERIFF REVELL, PARTRIDGE, SHERIFF TATUM, and COBURN contributed to the constitutional violation of Plaintiff VAUGHN.

79.    The foregoing actions or omission of Defendants SHERIFF REVELL, PARTRIDGE, SHERIFF TATUM, COBURN, BRYANT, and STRAWN were willful, wanton and clothed in deliberate indifference of Plaintiff VAUGHN'S rights.

80.    As a direct and proximate result of the above unlawful acts and omissions, Plaintiff VAUGHN sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions and is therefore entitled to compensatory damages pursuant to the above provisions.

81.   Based on the willful and malicious conduct of these Defendants, as is set out

herein, Plaintiff VAUGHN is entitled to a substantial award of punitive damages

against Defendants sued in their individual capacities.

82.   Plaintiff VAUGHN has been forced to retain counsel to represent her to vindicate

her rights.  Pursuant to the provisions of 42 U.S.C. Section 1988, Plaintiff is

entitled to an award of reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff VAUGHN seeks compensatory damages

punitive damages and attorneys' fees against all the above Defendants

individually, and compensatory damages and attorneys' fees against Defendants

SHERIFF REVELL as Sheriff of Liberty County, Florida; and Defendant

SHERIFF TATUM as Sheriff of Calhoun County, Florida.

## COUNT V: DENIAL OF EQUAL PROTECTION IN VIOLATION OF FOURTEENH AMENDMENT

83.   Plaintiff VAUGHN hereby re-alleges the allegations of paragraphs 1-39 above

and incorporates those allegations herein and further alleges as follows:

84.   Defendants BRYANT and STRAWN, by the foregoing actions practiced

discrimination and harassment against Plaintiff VAUGHN based upon her sex in

violation of the Fourteenth Amendment to the U.S. Constitution.

85.   Plaintiff VAUGHN is a woman and is therefore a member of a protected class

within the meaning of applicable law.

86.   Defendants BRYANT and STRAWN misused their power, possessed by virtue of

state law and made possible only because Defendants BRYANT and STRAWN

were clothed with the authority of state law.  The violation of Plaintiff

20

VAUGHN'S rights as described above, occurred under color of state law and is
actionable under 42 U.S.C. Section 1983.

87.    Defendants SHERIFF REVELL, Liberty County Sheriff, PARTRIDGE, Liberty
County Jail Administrator, SHERIFF TATUM, Calhoun County Sheriff and
COBURN, Calhoun County Jail Administrator, having had prior notice of similar
wrongful conduct by Defendants BRYANT and STRAWN, denotes deliberate
indifference in failing to adequately investigate and remedy the complaints and in
retaining but failing to adequately train, supervise or discipline Defendants
BRYANT and STRAWN to prevent such harm.

88.    In Defendants SHERIFF REVELL, PARTRIDGE, SHERIFF TATUM, and
COBRUN'S failure to promulgate policies, they permitted or encouraged or
permitted the cover-up of such actions by Defendants BRYANT and STRAWN.
As a result, Defendants SHERIFF REVELL, PARTRIDGE, SHERIFF TATUM,
and COBURN contributed to the constitutional violation of Plaintiff VAUGHN.

89.    The foregoing actions of Defendants SHERIFF REVELL, PARTRIDGE,
SHERIFF TATUM, COBURN, BRYANT and STRAWN, were willful and
wanton, all in deliberate disregard indifference of Plaintiff VAUGHN'S rights.

90.    The disparate treatment, discrimination, and harassment described herein were
based on Plaintiff VAUGHN'S sex and as a result she was negatively affected
thereby.

91.    As a direct and proximate result of the above unlawful acts and omissions,
Plaintiff VAUGHN sustained economic damages, including lost income,
sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-

esteem, inconvenience and hurt, because of Defendants' actions or lack thereof, and is therefore entitled to compensatory damages pursuant to the above provisions.

92.   Based on the aforementioned conduct of Defendants BRYANT and STRAWN, as set out herein Plaintiff VAUGHN is entitled to an award of reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff VAUGHN seeks compensatory damages, punitive damages, and attorney's fees against all the above Defendants individually, and compensatory damages and attorneys' fees against Defendants SHERIFF REVELL, as the Liberty County Sheriff; and SHERIFF TATUM, as the Calhoun County Sheriff.

## COUNT VI: ASSAULT

93.   Plaintiff VAUGHN hereby re-alleges the allegations of paragraphs 1-39 above and incorporates those allegations herein and further alleges as follows:

94.   On or about April 22, 2008, Defendant BRYANT committed assault against Plaintiff VAUGHN by making demands for sexual acts and in his threatening of Plaintiff VAUGHN.

95.   On or about April 24, 2008, Defendant STRAWN committed assault against Plaintiff VAUGHN by making demands for sexual acts and in his threatening of Plaintiff VAUGHN.

96.   As a direct and proximate result of the above unlawful acts and omissions, Plaintiff VAUGHN sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-

22

esteem, inconvenience and hurt, because of Defendants BRYANT and STRAWN'S actions, and is therefore entitled to compensatory damages.

97.   Based on the aforementioned conduct of Defendants BRYANT and STRAWN, as set out herein, Plaintiff VAUGHN is entitled to a substantial award of punitive damages against Defendants BRYANT and STRAWN.

WHEREFORE, Plaintiff VAUGHN seeks compensatory damages, punitive damages, and attorneys' fees against Defendants BRYANT and STRAWN.

## COUNT VII: BATTERY

98.   Plaintiff VAUGHN hereby re-alleges the allegations of paragraphs 1-39 above and incorporates those allegations herein and further alleges as follows:

99.   On or about April 22, 2008, Defendant BRYANT committed battery against Plaintiff VAUGHN, by forcibly seizing, threatening and fondling her body.

100.   On or about April 24, 2008, Defendant STRAWN committed battery against Plaintiff VAUGHN, by forcibly seizing, threatening and fondling her body.

101.   As a direct and proximate result of the above unlawful acts and omissions, Plaintiff VAUGHN sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages.

102.   As a result of the aforementioned conduct of Defendants BRYANT and STRAWN, as is set out herein Plaintiff VAUGHN is entitled to a substantial award of punitive damages against Defendants BRYANT and STRAWN.

23

WHEREFORE, Plaintiff VAUGHN seeks compensatory damages, punitive damages, and attorney's fees against Defendants BRYANT and STRAWN.

## COUNT VIII:  FALSE IMPRISONMENT

103.   Plaintiff VAUGHN hereby re-alleges the allegations of paragraphs 1-39 above and incorporates those allegations herein and further alleges as follows:

104.   Defendants BRYANT and STRAWN committed wrongful actions on or about April 22, 2008 and on or about April 24, 2008, respectively, including the physical confinement and restraint of Plaintiff VAUGHN against her will and without lawful purpose or justification.

105.   The foregoing actions of Defendants BRYANT and STRAWN were willful, wanton and in reckless disregard of Plaintiff VAUGHN'S rights.

106.   As a direct and proximate result of the above unlawful acts and omissions, Plaintiff VAUGHN sustained economic damages including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

107.   As a result of the willful and malicious conduct of Defendants BRYANT and STRAWN, as set out herein, Plaintiff VAUGHN is entitled to a substantial award of punitive damages against Defendants BRYANT and STRAWN.

WHEREFORE, Plaintiff VAUGHN seeks compensatory damages and punitive damages against Defendants BRYANT and STRAWN.

COUNT IX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

108.   Plaintiff VAUGHN hereby re-alleges the allegations of paragraphs 1-39 above and incorporates those allegations herein and further alleges as follows:

109.   Defendants BRYANT and STRAWN, by the conduct described herein, including the victimization of a person in their charge, the threats against Plaintiff VAUGHN at the time of the fondling and the attempted rapes and the demand for sexual favors of a helpless person within the Defendants' control, constitutes outrageous conduct that would shock the conscience of a reasonable person, and constitutes the actionable tort of intention infliction of emotional distress.

110.   As a direct and proximate result of the above unlawful acts and omissions, Plaintiff VAUGHN sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

111.   As a result of the aforementioned conduct of Defendants BRYANT and STRAWN, as set out herein, Plaintiff VAUGHN is entitled to a substantial award of punitive damages against Defendants BRYANT and STRAWN.

WHEREFORE, Plaintiff VAUGHN seeks compensatory damages and punitive damages against Defendants BRYANT and STRAWN.

COUNT X: NEGLIGENT SUPERVISION AND RETENTION BY
DEFENDANTS SHERIFF REVELL AND PARTRIDGE

112.   Plaintiff VAUGHN hereby re-alleges the allegations of paragraphs 1-39 above and incorporates those allegations herein and further alleges as follows:

113.   Defendant SHERIFF REVELL breached his duty as Sheriff of Liberty County, to supervise Defendants BRYANT and STRAWN in order to prevent and to stop their actions constituting violations of Plaintiff VAUGHN'S rights under Florida and federal law.

114.   Defendant PARTRIDGE breached her duty, as Jail Administrator, of Liberty County, to supervise Defendants BRYANT and STRAWN in order to prevent and to stop their actions constituting violations of Plaintiff VAUGHN'S rights under Florida and federal law.

115.   Defendants SHERIFF REVELL and PARTRIDGE knew or should have known of the actions, commissions, and derelictions of Defendants BRYANT and STRAWN.

116.   Defendants SHERIFF REVELL and PARTRIDGE breached their duty to terminate their professional relationship with Defendants BRYANT and STRAWN.

117.   As a direct and proximate result of the above unlawful acts and omissions, Plaintiff VAUGHN sustained economic damages, including lost income, sustained emotional pain anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

WHEREFORE, Plaintiff VAUGHN seeks compensatory damages against Defendants SHERIFF REVELL, and PARTRIDGE.

## COUNT XI: NEGLIGENT SUPERVISION AND RETENTION BY DEFENDANTS SHERIFF TATUM AND COBURN

118.   Plaintiff VAUGHN hereby re-alleges the allegations of paragraphs 1-39 above and incorporates those allegations herein and further alleges as follows:

119.   Defendant SHERIFF TATUM breached his duty as Sheriff of Calhoun County, to supervise Defendants BRYANT and STRAWN in order to prevent and to stop their actions constituting violations of Plaintiff VAUGHN'S rights under Florida and federal law.

120.   Defendant COBURN breached his duty, as Jail Administrator, of Calhoun County, to supervise Defendants BRYANT and STRAWN in order to prevent and to stop their actions constituting violations of Plaintiff VAUGHN'S rights under Florida and federal law.

121.   Defendants SHERIFF TATUM and COBURN knew or should have known of the actions, commissions, and derelictions of Defendants BRYANT and STRAWN.

122.   Defendants SHERIFF TATUM and COBURN breached their duty to terminate the employment of Defendants BRYANT and STRAWN.

123.   As a direct and proximate result of the above unlawful acts and omissions, Plaintiff VAUGHN sustained economic damages, including lost income, sustained emotional pain anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

WHEREFORE, Plaintiff VAUGHN seeks compensatory damages against Defendants SHERIFF TATUM and COBURN.

### COUNT XII: NEGLIGENT FORMULATION AND ENFORCEMENT OF POLICIES AND PROCEDURES BY DEFENDANTS SHERIFF REVELL AND PARTRIDGE

124.   Plaintiff VAUGHN hereby re-alleges the allegations of paragraphs 1-39 above and incorporates those allegations herein and further alleges as follows:

125.   Defendants SHERIFF REVELL and PARTRIDGE, breached their duty to formulate and promulgate adequate policies or procedures as may have been in place at the times material hereto.

126.   Defendants SHERIFF REVELL and PARTRIDGE, breached their duty to take effective corrective action with adequate policies or procedures as may have been in place at the times material hereto.

127.   As a direct and proximate result of the above unlawful acts and omissions, Plaintiff VAUGHN sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

WHEREFORE, Plaintiff VAUGHN seeks compensatory damages against Defendants SHERIFF REVELL and PARTRIDGE.

### COUNT XIII: NEGLIGENT FORMULATION AND ENFORCEMENT OF POLICIES AND PROCEDURES BY DEFENDANTS SHERIFF TATUM AND COBURN

128.   Plaintiff VAUGHN hereby re-alleges the allegations of paragraphs 1-39 above and incorporates those allegations herein and further alleges as follows:

129. Defendants SHERIFF TATUM and COBURN, breached their duty to formulate and promulgate adequate policies and procedures as may have been in place at the times material hereto.

130. Defendants SHERIFF TATUM and COBURN, breached their duty to take effective corrective action with adequate policies or procedures as may have been in place at the times material hereto.

131. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff VAUGHN sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

WHEREFORE, Plaintiff VAUGHN seeks compensatory damages against Defendants SHERIFF TATUM and COBURN.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff VAUGHN prays for the following relief:

A. That process issue and this Court take jurisdiction over this case;

B. Judgment against the Defendants and for the Plaintiff awarding compensatory damages against Defendants and punitive damages against Defendants in their individual capacities for the Defendants' violation of law enumerated herein;

C. Loss of consortium;

D. Judgment against the defendants and for the Plaintiff awarding the Plaintiff reasonable attorneys' fees and costs; and

E. Such further relief as is equitable and just.

DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.


Respectfully submitted,


S/ Angelique D. Knox
ANGELIQUE D. KNOX, ESQ.
FBN:  18647
CRAIG J. BROWN, ESQ.
FBN:  0566896
The Law Office of Craig J. Brown, P.A.
411 N. Calhoun Street
The West-Quarterman House
Tallahassee, Florida 32301
(850) 580-1529 Telephone
(850) 580-2529 Facsimile