IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LISA ANN VAUGHN AND PHILLIP VAUGHN,

    Plaintiffs,

vs.                                        CASE NO.: 4:09cv169-RH/WCS

HARRELL W. REVELL, individually and in his official capacity as Sheriff of Liberty County, Florida; FANNIE PARTRIDGE, et al.,

    Defendants.

_____/

## DEFENDANT BRYANT'S MOTION TO DISMISS; OR, ALTERNATIVELY, MOTION TO STRIKE

    COMES NOW Defendant, INVESTIGATOR MICHAEL BRYANT, in his individual and official capacities, by and through his undersigned counsel, and pursuant to Rule 12(b)(6), Fed.R.Civ.P.; or, alternatively, Rule 12(f), Fed.R.Civ.P., and Local Rule 7.1(A), Northern District of Florida, hereby moves to dismiss and/or strike certain claims made in the pending Complaint. In support thereof, Defendant BRYANT states:

    1.    Count I - Civil Rights Remedies for Gender-Motivated Violence Act, 42 U.S.C. §13981 fails to state a cause of action because the federal statute Plaintiff relies upon was declared unconstitutional nine years ago.

    2.    All equal protection and due process claims against BRYANT pursuant to the Fourteenth Amendment fail to state a federal cause of action against him individually. Accordingly, Counts IV and V should be dismissed.

3. All claims against BRYANT "in his official capacity" are duplicative, redundant, possibly confusing to a jury, and should be dismissed or stricken.

4. There is no legal authority to assess attorneys' fees against a defendant in a state law claim alleging assault or battery. Accordingly, such claims for attorneys fees against BRYANT, individually, should be dismissed or stricken from Counts VI and VII.

5. All claims for punitive damages are premature and should be stricken.

## MEMORANDUM OF LAW

### I.   MOTION TO DISMISS - STANDARD

In reviewing a motion to dismiss, federal courts must "respect the rule that heightened specificity is required in civil rights actions against public officials who may be entitled to qualified immunity." Magluta v. Samples, 256 F. 3d 1282, 1284 (11th Cir. 2001); GJR Invs., Inc. v. County of Escambia, 132 F. 3d 1359, 1367 (11th Cir. 1998).

A claim may be dismissed under rule 12(b)(6) either because it asserts a legal theory that is not cognizable as a matter of law; or, because it fails to allege sufficient facts to support a cognizable legal claim. "A district court should grant a motion to dismiss a complaint for failure to state a claim unless 'the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Auto-Owners Ins. Co. v. Triple P Construction, Inc., Case No. 4:08CV154-RH/WCS (N.D. Fla. May 22, 2009), *quoting*, Ashcroft v. Iqbal, No. 07-1015, 556 U.S. ___ (May 18, 2009).

> [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.

2

> Threadbare recitals of the elements of a cause of action, *supported by mere conclusory statements*, do not suffice . . . [Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff *armed with nothing more than conclusions.*

Iqbal, 2009 W.L. 1361536 at *13; Triple P, at p. 3 (emphasis in original).

A pleader "must allege facts, either directly or inferentially, that satisfy each element required for a recovery under some actionable legal theory." Baicker-McKee, Janssen, and Corr, Federal Civil Rules Handbook, 372 n. 193 (West, 2007 Edition). Unwarranted factual deductions, inferences, and legal conclusions "masquerading as facts" cannot defeat a Rule 12(b)(6) motion. See, Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F. 3d 1182, 1187 (11th Cir. 2002); Taylor v. Books A Million, Inc., 296 F. 3d 376, 378 (5th Cir. 2002).

The purpose of a Motion to Dismiss under Rule 12(b)(6), Fed.R.Civ.P., is to permit trial courts to terminate lawsuits that are "fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc., 988 F. 2d 1157, 1160 (Fed. Cir. 1993); Port Authority of N.Y. and N.J. v. Arcadian Corp., 189 F. 3d 305, 312, 1999 W.L. 624590, at 4 (3rd Cir. 1999) (noting that rule is designed to "screen out cases" where no remedy exists for the wrong alleged or where no relief could possibly be granted). In Arcadian Corp., the court found the facts alleged in the amended complaint were assumed to be true, but even so, they could not legally support Plaintiff's claims. Similarly, "regardless of the alleged facts, . . . a court may dismiss a complaint on a

dispositive issue of law." McKnight v. Benitez, 15 Fla. L. Weekly Fed D76 (M. Dist. Fla. December 17, 2001) *citing* Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F. 2d 1171, 1174 (11th Cir. 1993); Executive 100, Inc. v. Martin County, 922 F. 2d 1536 (11th Cir.), *cert. denied,* 502 U.S. 810, 112 S. Ct. 55, 116 L. Ed. 2d 32 (1991).

II.     MOTION TO STRIKE - RULE 12(f).

In the alternative, "on its own initiative or upon motion, the court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  Rule 12(f), Fed.R.Civ.P.  The rule is available to properly strike matters from a pleading in order to avoid the time, effort and expense necessary to litigate spurious issues.  Fantasy, Inc. v. Fogerty, 984 F. 2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds,* 510 U.S. 517 (1994); Lundy v. Town of Brighton, 521 F. Supp. 2d 259, 265 (W.D. N.Y. 2007).   Such motions may be granted when necessary to clean up the pleadings, streamline the litigation, or sidestep unnecessary efforts on immaterial issues.  Hoffman v. Sumner, 478 F. Supp. 2d 1024, 1028 (N.D. Ill. 2007); McInerney v. Moyer Lumber and Hardware, Inc., 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002).

Here, there is no authority for several of the claims or relief being sought.  Thus, the Complaint improperly and unnecessarily risks confusion of the issues and it is burdensome to permit any discovery whatsoever concerning such matters.

III.    COUNT I - CIVIL RIGHTS REMEDIES FOR GENDER-MOTIVATED VIOLENCE ACT, 42 U.S.C. §13981

Count I is premised upon an alleged violation of the Gender-motivated Violence Act, 42 U.S.C. §13981.  See, Complaint, ¶40-52.

4

There is no such valid federal statute upon which to allege a violation of federal or constitutional rights. Instead, the underlying federal statute was declared unconstitutional nine years ago. United States v. Morrison, 529 U.S. 598, 602 (2000) (affirming Fourth Circuit's conclusion Congress lacked constitutional authority to enact §13981's civil remedy). Morrison dealt with far more egregious facts than present here. The Morrison plaintiff alleged she had actually been raped repeatedly. After analyzing its prior cases involving the Commerce Clause, however, the court said:

> [T]he proper resolution of the present cases is clear. Gender-motivated crimes of violence are not, in any sense of the phrase, economic activity.

Morrison, 529 U.S. at 613. "The concern that we expressed in Lopez that Congress might use the Commerce Clause to completely obliterate the Constitution's distinction between national and local authority seems well founded." Morrison, 529 U.S. at 615.

Morrison also found that there was no authority under §5 of the Fourteenth Amendment for Congress to enact 42 U.S.C. §13981. Morrison at 621.

> [T]he Fourteenth Amendment, by its very terms, prohibits only state action. '[T]he principle has become firmly embedded in our constitutional law that the action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States. That Amendment erects no shield against merely private conduct, however discriminatory or wrongful.'

Morrison, at 621 *quoting* Shelley v. Kraemer, 334 U.S. 1, 13, and n. 12, 68 S.Ct. 836, 92 L.Ed. 1161 (1948). The Supreme Court's summary conclusion in Morrison is also applicable here:

5

> Congress' effort in § 13981 to provide a federal civil remedy can be sustained neither under the Commerce Clause nor under § 5 of the Fourteenth Amendment. If the allegations here are true, no civilized system of justice could fail to provide her a remedy for the conduct of respondent Morrison. But under our federal system that remedy must be provided by the Commonwealth of Virginia, and not by the United States.

Morrison at 627.

When a statute is declared unconstitutional because the legislative body has exceeded its powers, the resulting statute is void *ab initio.* American Trucking Ass'ns, Inc. v. Smith, 496 U.S. 167, 110 S.Ct. 2323, 2343 (1990) (Scalia, J., *concurring in the judgment*); See, e.g., Dept. of Transportation v. Weisenfeld, 617 So.2d 1071, 1075 (Fla. 5th DCA 1993), (Harris, J., *concurring specially)*; Martinez v. Scanlan, 582 So.2d 1167, 1176 (Fla. 1991) ("When a court declares a statute facially unconstitutional, it means, in plain English, that the enactment has been null and void from the outset."). "Since the Constitution does not change from year to year; since it does not conform to our decisions, but our decisions are supposed to conform to it; the notion that our interpretation of the Constitution in a particular decision could take prospective form does not make sense." American Trucking Ass'ns, 496 U.S. at 201, 110 S.Ct. at 2343. Here, whether the federal statute was void or merely voidable is immaterial. Either way, the statute cannot serve as a justification for bringing a federal cause of action against BRYANT more than nine years after the statute itself was declared unconstitutional.

IV. <u>COUNTS IV AND V FAIL TO STATE A CAUSE OF ACTION AGAINST BRYANT, INDIVIDUALLY, BASED ON THE FOURTEENTH AMENDMENT.</u>

All claims against BRYANT, individually, alleging Fourteenth Amendment due process and equal protection violations are invalid and should be dismissed. Plaintiff, LISA VAUGHN, alleges she had her breast fondled, had her face and mouth kissed, and her hair pulled while BRYANT supposedly tried to forcibly rape her at the Liberty County Jail.[1] Complaint, ¶22. She does not allege she *actually* was sexually assaulted by BRYANT. Accepting her allegations as true, she cannot *plausibly* allege that the state or subdivision (in this case Sheriff Tatum) sanctions rape or attempted rape by any of his law enforcement officers. Rape or attempted rape is an act "which is per se intentional and harmful." Griffin v. City of Opa-Locka, 891 So. 2d 1127, 1128 (3rd DCA 2004). Thus, accepting her allegations as true at this point, she is actually alleging personally unlawful action by BRYANT himself.

Such actions by an individual are not converted into "state action" for purposes of the Fourteenth Amendment simply because the officer happens to *be* a state employee. For Fourteenth Amendment due process and equal protection purposes, the alleged acts are wrongful, but they are not *state* actions. To imply or suggest the state (Sheriff Tatum) would sanction rape or attempted rape of a Calhoun County inmate by one of his sworn law enforcement officers is facially ludicrous. It simply does not pass the factual

---

[1] BRYANT vehemently denies the allegations and says they are a complete fabrication. But, he realizes at this stage of the case, the pleader has alleged at least some "factual content" that allows this Court to draw the reasonable inference that BRYANT could be individually liable for the misconduct alleged [had it actually occurred]. See, Auto-Owners Ins. Co. v. Triple P Construction, Inc., Case No. 4:08CV154-RH/WCS (N.D. Fla. May 22, 2009).

"plausibility" test set forth in *Twombley* and *Morrison*. <u>Morrison</u>, at 621; see also, <u>Griffin</u>, 891 So. 2d at 1128. If it is "absurd" for the City of Opa-Locka to finance rape by one of its employees, <u>Griffin</u>, at 1128, it is equally absurd to suggest BRYANT's alleged behavior would be state action or state-sanctioned for Fourteenth Amendment due process and equal protection purposes. Such lack of state action warrants dismissal of all claims against BRYANT, individually, to the extent they are premised on alleged due process and equal protection violation(s) of the Fourteenth Amendment by BRYANT acting as an individual.

Here, VAUGHN pled a separate count plainly alleging an equal protection violation of the Fourteenth Amendment by BRYANT, among others. See, <u>Count V - Deprivation of Equal Protection in Violation of Fourteenth Amendment</u>, ¶83-92. But, under *Morrison* and *Twombley*, such claims should be dismissed as failing to state a cause of action against BRYANT. <u>United States v. Harris</u>, 106 U.S. 629, 639 (1883); <u>Morrison</u>, at 621 ("'These provisions of the Fourteenth Amendment [equal protection] have reference to State action exclusively, and not to any action of private individuals.'").

In addition, Count IV is likewise defective. Although the caption of Count IV is alleged to be a violation of the "Fourth" Amendment, a fair reading of the text of the Complaint itself, see, ¶74-82, shows it is actually intended to allege violations of the *Fourteenth* Amendment by BRYANT and <u>all the other defendants</u>, commingled together. Count IV says in pertinent part:

  74. [Reincorporating all allegations in paragraphs 1-39 above.]

  75. In extorting sex from Plaintiff VAUGHN in return for granting VAUGHN'S freedom to see her children, Defendants BRYANT and

>STRAWN both violated Plaintiff VAUGHN'S Fourteenth Amendment right against deprivation of property without due process.

Complaint, ¶75. Throughout the remainder of Count IV, Plaintiff makes allegations concerning wrongful acts by all of the Defendants, both individually and officially. However, as previously shown, the Fourteenth Amendment does not provide a remedy for wrongful acts by individuals, only for *state* actions. For the foregoing reasons, all claims in Counts IV and V fail to state a cause of action against BRYANT, individually. They should be dismissed with prejudice as a matter of law.

V. ALL CLAIMS AGAINST BRYANT "IN HIS OFFICIAL CAPACITY" SHOULD BE DISMISSED OR STRICKEN AS REDUNDANT AND CONFUSING.

Here, Plaintiffs sue an individual officer, Investigator BRYANT, in his official capacity. Such suits against government actors are, in reality, the same as suits against the agency by whom they are employed. Abusaid v. Hillsborough County Bd. of County Comm'rs, 405 F.3d 1298, 1302 (11th Cir. 2005); Snow v. City of Citronelle, 420 F. 3d 1262,1270 (11th Cir. 2005). When a party brings a §1983 action against an individual officer such as BRYANT, but does so against him in his "official capacity", the allegation is nothing more than "another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159 (1985), at 165; Pompey v. Broward County, 95 F.3d 1543, 1545 (11th Cir., 1996)("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

The law appears settled, moreover, that there is no need to sue an individual

government actor (in his official capacity) when the Plaintiff is already suing the entity whom the actor represents. Brown v. Neumann, 188 F. 3d 1289, 1290, fn. 1 (11th Circ. 1999) *citing* Kentucky v. Graham, 473 U.S. 159 (1985) (Noting trial court had dismissed Deputy Ruby as a party defendant because Ruby had been sued in his official capacity. Such suit in his official capacity was duplicative and superfluous.); St. George v. Pinellas County, 13 Fla..L.Weekly Fed. Fed. D38 (M.Dist. Fla. 1999) (claim against individual deputy in his official capacity is redundant given fact that Plaintiffs had also sued the County and the Sheriff in his official capacity); Nelson v. City of Panama City, 15 Fla. L. Weekly Fed. D79 (N.Dist. Fla. 2001).

In Busby v. City of Orlando, 931 F. 2d 764, 776 (11th Cir. 1999), the Eleventh Circuit said:

> Because suits against a municipal police officer sued in his official capacity, and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official capacity actions against local government officials, because local government units can be sued directly. . . In Busby's action against the City of Orlando, the District Court recognized that the intended defendant was actually the City. To keep both the City and the officers sued in their official capacity as defendants in this case would have been redundant and possibly confusing to the jury.

In this action, the current Sheriff of Calhoun County, DAVID TATUM, is a defendant in his official capacity. Thus, Investigator MICHAEL BRYANT is entitled to dismissal as a matter of law of all claims against him in his official capacity.

## VI.    ALL ATTORNEY'S FEES CLAIMS IN STATE-LAW-BASED ACTIONS SHOULD BE DISMISSED OR STRICKEN AS A MATTER OF LAW.

Plaintiffs improperly seek attorney's fees from Investigator BRYANT. Under federal law, attorney's fees are considered special damages, and their entitlement must be specifically pleaded. See, In Re: American Cas. Co., 851 F. 2d 794, 802 (6th Cir. 1988). Count VI-Assault and Count VII-Battery are state-law-based tort claims against BRYANT in his individual capacity. Florida law, however, has never provided for award of attorney's fees in such assault or battery actions. Instead, attorney's fees are recoverable only when authorized by statute or contract. City of Tallahassee v. Blankenship & Lee, 736 So. 2d 29, 30 (Fla. 1st DCA 1999); Price v. Tyler, 890 So. 2d 246, 250 (Fla. 2004) (Supreme Court has adopted the "American rule" where each party pays its own attorney's fees with only certain limited exceptions).

Because Plaintiffs have failed to cite any statutory or contract basis for award of attorney's fees in their counts alleging assault and battery, such claims for special damages should be dismissed or stricken. See, Complaint, Count VI-Assault, p. 23; Count VII-Battery, p. 24; *compare*, Count VIII-False Imprisonment; Count IX-Intentional Infliction of Emotional Distress (where no claims for attorney's fees are made for state-law-based tort actions).

VII. ALL CLAIMS SEEKING PUNITIVE DAMAGES ARE PREMATURE UNDER FLORIDA LAW AND SHOULD BE DISMISSED OR STRIKEN

Here, Plaintiffs ignore Florida Statutes and prematurely seek punitive damages without authority. Florida substantive law makes it improper at the pleading stage to claim entitlement to punitive damages. See, §768.72, Fla. Stat. (2002); Globe Newspaper Co. v. King, 658 So. 2d 518, 519-20 (Fla. 1995) (Florida law "requires a plaintiff to provide the

11

court with an evidentiary basis for punitive damages before the court may allow a claim for punitive damages to be included in a plaintiff's complaint."); Cypress Aviation, Inc. v. Bollea, 826 So. 2d 1091, 1092 (Fla. 2nd DCA 2002) ("Any punitive damages claim alleged prior to a party asking for and receiving leave of the court must be dismissed or stricken.")

Here, Plaintiffs seek punitive damages against the BRYANT in Counts I, II, IV, V, VI, VII and VIII.

For the foregoing reasons, the claims for punitive damages against BRYANT are premature and specifically barred under Florida law. They should be dismissed or stricken without prejudice. Cypress Aviation.

## CERTIFICATE OF COMPLIANCE

Pursuant to the Local Rules of this Court, undersigned counsel certifies that he conferred with Angelique D. Knox, Plaintiffs' counsel, to advise that he was filing this Motion. Plaintiffs' counsel opposes the relief sought herein.

Respectfully submitted this 6th day of July, 2009.

        */s/ Carl R. Peterson, Jr.*
CARL R. PETERSON
Florida Bar No.: 980048
JOLLY & PETERSON, P.A.
Post Office Box 37400
Tallahassee, Florida 32315
Tel:    (850) 422-0282
Fax:   (850) 422-1913
E-Mail: crp@jollylaw.com
*Attorney for Defendant Bryant*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF Service only to Angelique D. Knox, Esq., Craig J. Brown, Esq., The Law Offices of Craig J. Brown, P.A., 411 North Calhoun Street, The West-Quarterman House, Tallahassee, Florida 32301, Jeannette M. Andrews, Andrews, Crabtree, Knox & Andrews, LLP, Post Office Box 12800, Tallahassee, Florida 32317-2800, and William Strawn, 19156 NW 22nd Street, Blountstown, Florida 32424, by U.S. Mail, this 6th day of July, 2009.

                                          */s/ Carl R. Peterson, Jr.*
                                          CARL R. PETERSON

cc:    Michael Bryant
        Lisa Truckenbrod, Esq., Fla. Sheriff's Self-Insurance Fund