THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LISA ANN VAUGHN and
PHILLIP VAUGHN

      Plaintiffs,

v.                            CASE NO.:    4:09cv169-RH/WCS

HARRELL W. REVELL, individually and
in his official capacity as Jail Administrator of Liberty
County, Florida, FANNIE PARTRIDGE,
individually and in her supervisory capacity
as Jail Administrator for Liberty County, Florida,
DAVID L. COBURN, individually and in his official
capacity as Jail Administrator of Calhoun County, Florida,
SONNY COBURN, individually and in his
supervisory capacity as Jail Administrator for
Calhoun County, Florida, MICHAEL BRYANT,
individually and in his official capacity as
Investigator, and WILLIAM STRAWN,
Individually and in his official capacity as
Correctional/Transport Officer,

      Defendants.
_____/

## DEFENDANT SONNY COBURN'S MOTION TO DISMISS
## COUNTS I, II, III, IV, V, XI & XIII OF PLAINTIFFS' COMPLAINT
## AND INCORPORATED MEMORANDUM OF LAW

Defendant, Sonny Coburn ("Coburn"), individually and in his official capacity as

Jail Administrator of Calhoun County, Florida, by and through his undersigned counsel

and pursuant to Fed. R. Civ. P. 12(b)(6) and N.D. Fla. Loc. R. 7.1, hereby moves this

Court to dismiss, or in the alternative, to strike Counts I, II, III, IV, V, XI and XIII of

Plaintiffs' Complaint for failure to state a claim upon which relief can be granted and for

failure to state a claim of entitlement to relief, and in support thereof, states:

1.      Recently, Plaintiffs filed a Complaint in this action.  In the Complaint, Plaintiffs alleged seven causes of action against Coburn in both his individual and in his official capacity as Jail Administrator of Calhoun County, Florida.

2.      In count 1, Plaintiffs allege a cause of action for civil rights violations of the Gender-Motivated Violence Act, 42 U.S.C. § 13981, against Coburn, individually and in his official capacity as Jail Administrator of Calhoun County, Florida.  This cause of action against Coburn in his individual and official capacity as Jail Administrator of Calhoun County, Florida should be dismissed because 42 U.S.C. § 13981 was held unconstitutional over nine years ago by the United States Supreme Court in U.S. v. Morrison, 529 U.S. 598 (2000).  Therefore, this Court should dismiss count 1 of Plaintiffs' Complaint against Coburn, individually and in his official capacity as Jail Administrator of Calhoun County, Florida.

3.      Additionally, in counts I, II, III, IV, V, XI, and XIII, Plaintiffs allege federal civil rights violations and state claims against Coburn in his official capacity as Jail Administrator of Calhoun County, Florida and also against David L. Tatum in his official capacity as Sheriff of Calhoun County, Florida.  All of these causes of action against Coburn in his official capacity as Jail Administrator should be dismissed because they are redundant and misleading.  The Eleventh Circuit Court of Appeals held in Snow v. City of Citronelle that "suits against a municipal officer sued in his official capacity and direct suits against the municipalities are functionally equivalent," and should be dismissed.  420 F.3d 1262 (11th Cir. 2005); Kentucky v. Graham, 473 U.S. , 159, 165-6 (1985) (holding that suits against officer in official capacity and against his agency is "another way of pleading an action against an entity of which an officer is an agent,"

therefore, there is no need to bring an action against an officer in his official capacity anymore because the agency can now be sued.).  Therefore, this Court should dismiss counts I, II, III, IV, V, XI and XIII against Coburn in his official capacity because the Plaintiffs have already sued the Sheriff of Calhoun County, Florida in his official capacity, and it would be redundant and misleading to allow the Plaintiffs to maintain the same cause of action against Calhoun County through several defendants.

4.      As to counts IV and V, Plaintiffs allege causes of action for violations of due process and equal protection based upon the Fourteenth Amendment against Coburn in his individual and official capacity as Jail Administrator of Calhoun County, Florida. However, the Fourteenth Amendment only provides a cause of action and remedy against state actors, not private actors or private individuals.  U.S. v. Harris, 106 U.S. 629, 639 (1883) (holding that the Fourteenth Amendment only provides for claims exclusively against state actors, and does not provide a cause of action against private individuals); Virginia v. Rives, 100 U.S. 313, 318 (1879).  Therefore, this Court should dismiss counts IV and V of Plaintiffs' Complaint against Coburn in his individual capacity.

5.      In regards to counts XI and XIII, Plaintiffs have sought punitive damages against Coburn in his individual and official capacity as Jail Administrator of Calhoun County, Florida.  But, Fla. Stat. § 768.72 prevents Plaintiffs from seeking such relief until they have either proffered reasonable evidence or introduced such evidence through discovery.  Additionally, the Plaintiffs are required to seek leave from this Court before they can assert a claim of relief for punitive damages.  Simeon Inc. v. Cox, 671 So. 2d 158, 160 (Fla. 1996).  Therefore, this Court should strike all claims for punitive damages under Counts XI and XIII.

WHEREFORE, Defendant, Sonny Coburn, individually and in his official capacity as Jail Administrator of Calhoun County, Florida, respectfully request this Court enter an order dismissing, or in the alternative, striking: with prejudice count I against him individually and in his official capacity as Jail Administrator of Calhoun County, Florida; with prejudice counts I, II, III, IV, V, XI and XIII against him in his official capacity as Jail Administrator of Calhoun County, Florida; with prejudice counts IV and V against him in his individual capacity; and counts XI and XIII against him in his individual and in his official capacity as Jail Administrator of Calhoun County, Florida.

## MEMORANDUM OF LAW

### A.   MOTION TO DISMISS STANDARD

"Under the Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The plaintiff does not need to plead "detailed factual allegations." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The plaintiff is only required to "provide the grounds of his entitlement to relief." Id.  However, the complaint must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  The complaint "must give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest." J.V. Preyer v. McNesby, 2009 WL 1605537, *5 (N.D. Fla. June 5, 2009).  More specifically, the plaintiff is required to state a valid legal cause of action. Auto-Owners Ins. Co. v. Triple P Constr., Inc., 2009 WL 1457037, *1 (N.D. Fla. May 23, 2009).  Otherwise, the court will be required to dismiss those claims that fail to state a valid legal cause of action. Id.

The purpose of a motion to dismiss is to determine whether the allegations in the complaint, however true, could or could not raise a claim of entitlement to relief, and to ensure that the expenditure of time and money by the parties and the court are kept to a minimum. Twombly, 550 U.S. at 558. Thus, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 570). "Where a complaint pleads facts that are merely consistent with 'a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557). Additionally, when the cause of action is based upon a civil rights violation and is against a "public official who may be entitled to qualified immunity," then "heightened specificity is required." Magluta v. Samples, 256 F.3d 1282 (11th Cir. 2001); Maldonado v. Snead, 168 Fed.Appx. 373, 378-9 (11th Cir. 2006).

"Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcraft, 129 S.Ct. at 1950. Therefore, a motion to dismiss should only be granted if the plaintiff cannot support a claim of entitlement to relief, even after taking all the allegations of the complaint as true.

**B.   MOTION TO STRIKE STANDARD**

Fed. R. Civ. P. 12(f) allows the Court to "strike from a pleading an insufficient defense, or any redundant, immaterial, impertinent, or scandalous material." "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid

unnecessary forays into immaterial matters." <u>McInerney v. Moyer Lumber & Hardware</u>, 244 F.Supp.2d 393, 402 (E.D. Pa. 2002).

Additionally, motions to strike are used to clean up prayers for relief that seek damages or remedies that are either unavailable or not appropriate at the time to be plead without leave of the court or having conducted discovery. <u>Simeon Inc. v. Cox</u>, 671 So. 2d 158 (Fla. 1996); <u>Spinks v. City of St. Louis Water Div.</u>, 176 F.R.D. 572, 574 (E.D. Mo. 1997); <u>Shabaz v. Polo Lauren Corp.</u>, 586 F.Supp.2d 1205, 1208 (C.D. Cal. 2008). Otherwise, unless the portion of the complaint prejudices the defendant and has no bearing on the subject matter of litigation, then a motion to strike should not be granted. <u>Id.</u> at 1209; <u>see</u> <u>Burrell v. State Farm & Cas. Co.</u>

C.   <u>**THIS COURT SHOULD DISMISS COUNT I OF PLAINTIFFS' COMPLAINT AGAINST COBURN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS JAIL ADMINISTRATOR OF CALHOUN COUNTY, FLORIDA, BECAUSE 42 U.S.C. § 13981 WAS HELD TO BE UNCONSTITUTIONAL.**</u>

As indicated above, a motion to dismiss should be granted if the plaintiff cannot state a claim of entitlement to relief. <u>Twombly</u>, 550 U.S. at 558. In May, 2000, the Supreme Court of the United States held in <u>U.S. v. Morrison</u> that 42 U.S.C. § 13981 is unconstitutional because Congress exceeded its authority when it enacted this statute. 529 U.S. 598, 601-2 (2000). In <u>Morrison</u>, the Supreme Court examined whether Congress had the constitutional authority to enact this statutory remedy under either the Commerce Clause or § 5 of the Fourteenth Amendment. However, it was the Supreme Court's determination that Congress lacked the authority under both propositions.

"Every law enacted by Congress must be based on one or more of its powers enumerated in the Constitution." <u>Id.</u> at 607. "The powers of the legislature are defined and limited." <u>Marbury v. Madison</u>, 1 Cranch 137, 176, 2 L.Ed. 60 (1803); <u>Morrison</u>, 529

U.S. at 607. In enacting 42 U.S.C. § 13981, "Congress explicitly identified the sources of federal authority on which it relied" upon when it enacted 42 U.S.C. § 13981. <u>Morrison</u>, 529 U.S. at 607; 42 U.S.C. § 13981(a) (stating that §13981 was established "pursuant to the affirmative power of Congress . . . under section 5 of the Fourteenth Amendment to the Constitution, as well as under section 8 of Article I of the Constitution."). However, the Supreme Court of the United States explicitly held that Congress did not have the authority to enact § 13981 pursuant to the Commerce Clause and § 5 of the Fourteenth Amendment. <u>Morrison</u>, 529 U.S. at 627. Therefore, the Supreme Court held that § 13981 is unconstitutional and that no action can be brought pursuant to this section against another party. <u>Id.</u>

In the instant action, Plaintiffs have alleged a cause of action against Coburn, individually and in his official capacity, pursuant to 42 U.S.C. § 13981. Therefore, because this statute has been declared unconstitutional for more than 9 years, this Court should dismiss this claim against Coburn in both his individual and official capacity as Jail Administrator of Calhoun County, Florida. <u>U.S. v. Tom</u>, 558 F.Supp.2d 931 (D. Minn. 2008) ("If Congress has exceeded its constitutional authority in enacting a statute, then the statute may not be given effect and an action founded on it must be dismissed."); <u>Morrison</u>, 529 U.S. at 604; <u>U.S. v. Lopez</u>, 514 U.S. 549, 551 (1995). Furthermore, this Court should award attorney's fees and costs to Coburn pursuant to Fed. R. Civ. P. 11(c), 42 U.S.C. § 1988 and 42 U.S.C. § 1927 because: Coburn conferred with Plaintiffs' counsel regarding voluntarily dismissing these counts against him; the Supreme Court has held for over nine years that 42 U.S.C. § 13981 is unconstitutional; and Plaintiffs'

counsel refused to dismiss these claims after Coburn's counsel brought this to Plaintiffs' counsel's attention.

WHEREFORE, Defendant, Sonny Coburn, individually and in his official capacity as Jail Administrator of Calhoun County, Florida, respectfully requests this Court enter an order dismissing count I of Plaintiffs' Complaint with prejudice and award attorney's fees to Defendant pursuant to the foregoing statutes, case law and arguments.

### D.  THIS COURT SHOULD DISMISS COUNTS I, II, III, IV, V, XI, AND XIII OF PLAINTIFFS' COMPLAINT AGAINST COBURN , IN HIS OFFICIAL CAPACITY AS JAIL ADMINISTRATOR OF CALHOUN COUNTY, FLORIDA.

"A suit against a government official in his official capacity is deemed a suit against the entity that he represents." Brown v. Neumann, 188 F.3d 1289, 1290 (11th Cir. 1999); Kentucky v. Graham, 473 U.S. 159 (1985). In the instant case, the Plaintiffs have sued the Sheriff of Calhoun County in his official capacity, Coburn in his official capacity, William Strawn in his official capacity, and Michael Bryant in his official capacity. See Compl. Furthermore, the Plaintiffs have sued all the defendants in their official capacity for the exact same counts. See Compl. Thus, the Plaintiffs have alleged the same exact count against Calhoun County several different times.

This Court has held that to allow the Plaintiffs to do so is duplicative and misleading. Nelson v. City of Panama City, Florida, 176 F.Supp.2d 1288, 1290 (N.D. Fla. 2001). There is no reason to allow the Plaintiffs to allege the same causes of action against Calhoun County through officers in their official capacity several times when the Plaintiffs have already made those same allegations against Calhoun County through the Sheriff in his official capacity. To do otherwise, would be "redundant and . . . confusing to the jury." Busby v. City of Orlando, 931F.2d 764, 776 (11th Cir. 1991). Therefore, to

8

avoid redundancy and misleading the jury, this Court should dismiss all claims against Coburn in his official capacity because they are redundant and misleading since a suit against a governmental official in his official capacity is a suit against the entity that he represents.

WHEREFORE, Defendant, Sonny Coburn, in his official capacity as Jail Administrator of Calhoun County, Florida, respectfully requests this Court dismiss counts I, II, III, IV, V, XI, and XIII against him in his official capacity based upon the foregoing case law and arguments.

E.    **THIS COURT SHOULD DISMISS COUNTS IV AND V OF PLAINTIFFS' COMPLAINT AGAINST COBURN, INDIVIDUALLY, BECAUSE THE FOURTEENTH AMENDMENT DOES NOT PROVIDE A CAUSE OF ACTION AGAINST PRIVATE ACTORS, ONLY STATE ACTORS.**

The Fourteenth Amendment only provides a cause of action against state actors, and does not provide a remedy against private actors, no matter how "discriminatory or wrongful" there conduct may be. Morrison, 529 U.S. at 621; U.S. v. Harris, 106 U.S. 629, 639 (1883); Virginia v. Rives, 100 U.S. 313, 318 (1879) ("The provisions of the Fourteenth Amendment of the Constitution we have quoted all have reference to State action exclusively, and not to any action of private individuals."). In the instant case, Plaintiffs have plead counts IV and V against Coburn, individually, pursuant to the Fourteenth Amendment. Although count IV states it is pursuant to the Fourth Amendment, after examining the allegations, it is apparent that the Plaintiffs intended it's allegations to be brought under the guise of the Fourteenth Amendment, not the Fourth Amendment. See Compl. ¶¶ 74-82.

As previously stated, all counts against a defendant that fail to provide an actual legal remedy and cause of action should be dismissed by this Court with prejudice to

9

minimize costs and time. <u>Twombly</u>, 550 U.S. at 558. Therefore, because the Plaintiffs' have alleged claims against Coburn, individually, pursuant to the Fourteenth Amendment and the Fourteenth Amendment does not provide a cause of action or remedy against private actors, which Coburn is in regards to the claim individually brought against him, this Court should dismiss with prejudice counts IV and V. Furthermore, this Court should award attorney's fees and costs to Coburn pursuant to Fed. R. Civ. P. 11(c), 42 U.S.C. § 1988 and 42 U.S.C. § 1927 because: Coburn conferred with Plaintiffs' counsel regarding voluntarily dismissing these counts against him; the Supreme Court has held for over a hundred years that claims against private individuals cannot be brought pursuant to the Fourteenth Amendment; and Plaintiffs' counsel refused to dismiss these claims after Coburn's counsel brought this to Plaintiffs' counsel's attention.

WHEREFORE, Defendant, Sonny Coburn, individually, respectfully requests this Court enter an order dismissing counts IV and V of Plaintiffs' Complaint with prejudice and award attorney's fees to Defendant pursuant to the foregoing statutes, case law and arguments.

F.  **THIS COURT SHOULD STRIKE ALL PARAGRAPHS IN PLAINTIFFS' COMPLAINT UNDER COUNTS XI AND XIII THAT SEEK OR REFER TO PUNITIVE DAMAGES BECAUSE IT IS IMPROPER FOR PLAINTIFFS TO ALLEGE ENTITLEMENT TO PUNITIVE DAMAGES AT THIS STAGE OF THE PROCEEDING PURSUANT TO FLA. STAT. § 768.72.**

Fla. Stat. § 768.72 requires that:

In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages.

> No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.

Fla. Stat. § 768.72(1).

Fla. Stat. § 768.72(1) "provides a substantive right to parties not to be subjected to a punitive damage claim and attendant discovery of financial worth until the requisite showing under the statute has been made to the trial court." Estate of Despain v. Avante Group, Inc., 900 So. 2d 637, 641 (Fla. 5th DCA 2005); Neill v. Gulf Stream Coach, Inc., 966 F.Supp. 1149, 1155-56 (M.D. Fla. 1997) (holding that defendant has a substantive right to be protected from punitive damages until the court has determined there is a reasonable evidentiary basis); Globe Newspaper Co. v. King, 658 So. 2d 518, 519 (Fla. 1995).  Furthermore, the Florida Supreme Court held in Simeon Inc. v. Cox, 671 So. 2d 158 (Fla. 1996), that:

> To comply with [section 768.72's] requirements, a plaintiff must obtain leave from the trial court to amend the complaint before punitive damages may be asserted.  At that point, the trial court must make a determination that there is a reasonable basis for the recovery of punitive damages.  It was inconsequential that the trial court in this case subsequently held a hearing on the motions to dismiss and to strike: any punitive damages claim alleged prior to a party asking for and receiving leave of the court must be dismissed or stricken.

671 So. 2d at 160; Cypress Aviation, Inc. v. Bollea, 826 So. 2d 1091, 1092 (Fla. 2d DCA 2002).

In the instant case, the Plaintiffs have failed to comply with the requirements of Fla. Stat. § 768.72.  Therefore, all claims for punitive damages alleged in counts XI and XIII should be dismissed or stricken from the Complaint because the Plaintiffs have not: complied with Fla. Stat. § 768.72's pleading requirements; sought leave of court to assert

such damages; and proffered any evidence or introduced any evidence that supports a claim for punitive damages.

WHEREFORE, Defendant, Sonny Coburn, individually and in his official capacity as Jail Administrator of Calhoun County, Florida, respectfully requests this Court dismiss or strike all claims for punitive damages alleged in counts XI and XIII based on the foregoing statutes, case law and arguments.

### G.    CONCLUSION

Based upon the foregoing statutes, case law and arguments, Defendant, Sonny Coburn, individually and in his official capacity as Jail Administrator of Calhoun County, Florida, respectfully requests this Court to dismiss with prejudice or strike from the Complaint: counts I, XI and XIII against Sonny Coburn, individually and in his official capacity as Jail Administrator of Calhoun County, Florida; counts I, II, III, IV, V, and XI XIII against Sonny Coburn in his official capacity; and counts IV and V against Sonny Coburn in his individual capacity.

### H.    CERTIFICATE OF CONFERRAL

Pursuant to N.D. Fla. Loc. R. 7.1, the undersigned counsel certifies that she has conferred with Plaintiffs' counsel, Angelique D. Knox, regarding the filing of this Motion.  Furthermore, the undersigned counsel certifies that she has discussed the issues of this Motion and the supporting case law with Plaintiffs' counsel, as well as has requested that Plaintiffs' counsel voluntarily dismiss the foregoing counts pursuant to the statutes and case law cited above.  However, Plaintiffs' counsel is opposed to granting the undersigned counsel the relief sought on behalf of her client.

ANDREWS, CRABTREE, KNOX & ANDREWS, LLP

*Jeannette M. Andrews*
Jeannette M. Andrews, FBN: 0352896
Joe Longfellow, III, FBN: 62225
Post Office Box 12800
Tallahassee, Florida 32317-2800
850-297-0090 / 850-297-0219 facsimile
Attorneys for Defendants, Jail Administrator David L.
Coburn and Jail Administrator Sonny Coburn, in their
individual and official capacities for Calhoun County Jail
Administrator's Office

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 14th day of July, 2009, via CM/ECF or U.S. Mail to:

Angelique D. Knox, Esquire
Craig J. Brown, Esquire
The Law Office of Craig J. Brown, P.A.
411 N. Calhoun Street
The West-Quarterman House
Tallahassee, Florida 32301

Carl R. Peterson, Esquire
Jolly & Peterson, P.A.
Post Office Box 37400
Tallahassee, Florida 32315

William Strawn
19156 NW 22nd Street
Blountstown, Florida 32424

*Jeannette M. Andrews*
Jeannette M. Andrews