IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LISA ANN VAUGHN and
PHILLIP VAUGHN,

       Plaintiffs,

vs.                            CASE NO.:  4:09cv169-RH/WCS

HARRELL W. REVELL, individually,
and in his official capacity of Sheriff of
Liberty County, Florida; FANNIE PARTRIDGE, et al.,

       Defendants.

_____

## DEFENDANT FANNIE PARTRIDGE'S MOTION TO DISMISS COUNTS I, II, III, IV, V, X and XII OF PLAINTIFFS' COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, FANNIE PARTRIDGE ("Partridge"), individually and in her official capacity as Jail Administrator of Liberty County, Florida, by and through her undersigned counsel, and pursuant to Fed.R.Civ.P. 12(b)(6) and N.D. Fla. Loc. R. 7.1, hereby moves this Court to dismiss, or in the alternative, to strike Counts I, II, III, IV, V,  X and XII of Plaintiffs' Complaint for failure to state a claim upon which relief can be granted and for failure to state a claim of entitlement to relief, and in support thereof, states:

1.      Recently, Plaintiffs filed a Complaint in this action.  In the Complaint, Plaintiffs alleged seven (7) causes of action against Partridge in both her individual

and in her official capacity as Jail Administrator of Liberty County, Florida.

2.       In count 1, Plaintiffs allege a cause of action for civil rights violations of the Gender-Motivated Violence Act, 42 U.S.C. § 13981, against Partridge, individually and in her official capacity as Jail Administrator of Liberty County, Florida. This cause of action against Partridge in her individual and official capacity as Jail Administrator of Liberty County, Florida should be dismissed because 42 U.S.C. § 13981 was held unconstitutional over nine years ago by the United States Supreme Court in US. v.Morrison, 529 U.S. 598 (2000). Therefore, this Court should dismiss count 1 of Plaintiffs' Complaint against Partridge, individually and in her official capacity as Jail Administrator of Liberty County, Florida.

3.       Additionally, in counts I, II, III, IV, V, X and XII Plaintiffs allege federal civil rights violations and state claims against Partridge in her official capacity as Jail Administrator of Liberty County, Florida and also against Harrell W. Revell in his official capacity as Sheriff of Liberty County, Florida. All of these causes of action against Partridge in her official capacity as Jail Administrator should be dismissed because they are redundant and misleading. The Eleventh Circuit Court of Appeals held in Snow v. City of Citronelle, 420 F.3d 1262 (11th Cir. 2005) that "suits against a municipal officer sued in his official capacity and direct suits against the municipalities are functionally equivalent," and should be dismissed." See Kentucky v. Graham, 473 U.S., 159, 165-6 (1985) (holding that suits against officer in official capacity and against his agency is "another way of pleading an action

against an entity of which an officer is an agent," therefore, there is no need to bring an action against an officer in his official capacity anymore because the agency can now be sued.). Therefore, this Court should dismiss counts I, II, III, IV, V, X and XII against Partridge in her official capacity because the Plaintiffs have already sued the Sheriff of Liberty County, Florida in his official capacity, and it would be redundant and misleading to allow the Plaintiffs to maintain the same cause of action against Liberty County Sheriff's Office through several defendants.

4.     As to counts IV and V, Plaintiffs allege causes of action for violations of due process and equal protection based upon the Fourteenth Amendment against Partridge in her individual and official capacity as Jail Administrator of Liberty County, Florida.  However, the Fourteenth Amendment only provides a cause of action and remedy against state actors, not private actors or private individuals. U.S. v. Harris, 106 U.S. 629, 639 (1883) (holding that the Fourteenth Amendment only provides for claims exclusively against state actors, and does not provide a cause of action against private individuals); Virginia v. Rives, 100 U.S. 313, 318 (1879).  Therefore, this Court should dismiss counts IV and V of Plaintiffs' Complaint against Partridge in her individual capacity.

5.     As to Count X, the Plaintiffs have alleged that Partridge, individually and in her official capacity, negligently retained and supervised Calhoun County Sheriff's Deputies Bryant and Strawn.  Paragraph 13 of Plaintiffs' Complaint states that Bryant and Strawn were employees of the Defendant, Sheriff Tatum, as Sheriff

of Calhoun County, Florida, and at all material times Bryant and Strawn were Sheriff Tatum's agents on behalf of Calhoun County and their Sheriff.   There is no allegation that Bryant and Strawn were ever employees of the Liberty County Sheriff's Office or the Liberty County Jail.  As to the Defendant, Strawn, Paragraphs 25 and 26 of the Plaintiffs' Complaint allege that Strawn attempted to "fondle, molest and attempt to forcible rape Plaintiff" after she was released from the Liberty County Jail.  Partridge contends that Plaintiffs have failed to state a cause of action against the Defendant, Partridge, individually and in her official capacity as Jail Administrator for Liberty County, Florida since Bryant and Strawn were never employees of the Liberty County Sheriff's Office or the Liberty County Jail.

6.     In regards to counts X and XII, Plaintiffs have sought punitive damages against Partridge in her individual and official capacity as Jail Administrator of Liberty County, Florida. But, Fla. Stat. § 768.72 prevents Plaintiffs from seeking such relief until they have either proffered reasonable evidence or introduced such evidence through discovery. Additionally, the Plaintiffs are required to seek leave from this Court before they can assert a claim of relief for punitive damages. Simeon Inc. v. Cox, 671 So. 2d 158, 160 (Fla. 1996).  Therefore, this Court should strike all claims for punitive damages under Counts X and XII.

WHEREFORE, Defendant, Fannie Partridge, individually and in her official capacity as Jail Administrator of Liberty County, Florida, respectfully request this Court enter an order dismissing, or in the alternative, striking:  with prejudice

Count I against her individually and in her official capacity as Jail Administrator of Liberty County, Florida; with prejudice, Counts I, II, III, IV, V, and XII against her in her official capacity as Jail Administrator of Liberty County, Florida; with prejudice counts IV and V against her in her individual capacity; Count X against her in her individual and official capacity as Jail Administrator of Liberty County, Florida, and as to Counts X and XII, Partridge request that this Court strike any claims that Plaintiff has raised for punitive damages against her in her individual and in her official capacity as Jail Administrator of Liberty County, Florida.

## MEMORANDUM OF LAW

### A.    MOTION TO DISMISS STANDARD

"Under the Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The plaintiff does not need to plead "detailed factual allegations." Bell Atlantic Corn. v. Twomblv, 550 U.S. 544, 555 (2007).  The plaintiff is only required to "provide the grounds of his entitlement to relief." Id.  However, the complaint must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  The complaint "must give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest." J.V. Preyer v. McNesby, 2009 WL 1605537, *5 (N.D. Fla. June 5, 2009).  More specifically, the plaintiff is required to state a valid legal cause of action.  Auto-Owners Ins. Co. v. Triple P Constr., Inc., 2009 WL

1457037, *1 (N.D. Fla. May 23, 2009).  Otherwise, the court will be required to dismiss those claims that fail to state a valid legal cause of action.  Id.

The purpose of a motion to dismiss is to determine whether the allegations in the complaint, however true, could or could not raise a claim of entitlement to relief, and to ensure that the expenditure of time and money by the parties and the court are kept to a minimum.  Twombly, 550 U.S. at 558.  Thus, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 570).  "Where a complaint pleads facts that are merely consistent with 'a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'"  Id.  (citing Twombly, 550 U.S. at 557).  Additionally, when the cause of action is based upon a civil rights violation and is against a "public official who may be entitled to qualified immunity," then "heightened specificity is required."  Magluta v. Samples, 256 F.3d 1282 (11th Cir. 2001); Maldonado v. Snead, 168 Fed. Appx. 373, 378-9 (11th Cir. 2006).

"Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Ashcroft, 129 S.Ct. at 1950.  Therefore, a motion to dismiss should only be granted if the plaintiff cannot support a claim of entitlement to relief, even after taking all the allegations of the complaint as true.

**B.**   **MOTION TO STRIKE STANDARD**

Fed. R. Civ. P. 12(f) allows the Court to "strike from a pleading an insufficient defense, or any redundant, immaterial, impertinent, or scandalous material." "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." McInerney v. Moyer Lumber & Hardware, 244 F.Supp.2d 393,402 (E.D. Pa. 2002).

Additionally, motions to strike are used to clean up prayers for relief that seek damages or remedies that are either unavailable or not appropriate at the time to be plead without leave of the court or having conducted discovery. Simeon Inc. v. Cox, 671 So.2d 158 (Fla. 1996); Spinks v. City of St. Louis Water Div., 176 F.R.D. 572, 574 (E.D.Mo. 1997); Shabaz v. Polo Lauren Corp., 586 F.Supp.2d 1205, 1208 (C.D. Cal. 2008).   Otherwise, unless the portion of the complaint prejudices the defendant and has no bearing on the subject matter of litigation, then a motion to strike should not be granted.   Id. at 1209; see Burrell v. State Farm & Cas. Co.

**C.**   **THIS COURT SHOULD DISMISS COUNT I OF PLAINTIFFS' COMPLAINT AGAINST PARTRIDGE, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS JAIL ADMINISTRATOR OF LIBERTY COUNTY, FLORIDA, BECAUSE 42 U.S.C. § 13981 WAS HELD TO BE UNCONSTITUTIONAL.**

As indicated above, a motion to dismiss should be granted if the plaintiff cannot state a claim of entitlement to relief. Twombly, 550 U.S. at 558.  In May, 2000, the Supreme Court of the United States held in U.S. v. Morrison that 42 U.S.C. § 13981 is unconstitutional because Congress exceeded its authority when

it enacted this statute.  529 U.S. 598, 601-2  (2000).  In <u>Morrison</u>, the Supreme Court examined whether Congress had the constitutional authority to enact this statutory remedy under either the Commerce Clause or § 5 of the Fourteenth Amendment.  However, it was the Supreme Court's determination that Congress lacked the authority under both propositions.

"Every law enacted by Congress must be based on one or more of its powers enumerated in the Constitution." <u>Id.</u> at 607.  "The powers of the legislature are defined and limited." <u>Marbury v. Madison</u>, 1 Cranch 137, 176, 2 L.Ed. 60 (1803); <u>Morrison</u>, 529 U.S. at 607.  In enacting 42 U.S.C. § 13981, "Congress explicitly identified the sources of federal authority on which it relied" upon when it enacted 42 U.S.C. § 13981.  <u>Morrison</u>, 529 U.S. at 607; 42 U.S.C. § 13981(a) (stating that § 13981 was established "pursuant to the affirmative power of Congress . . . under section 5 of the Fourteenth Amendment to the Constitution, as well as under section 8 of Article I of the Constitution.").  However, the Supreme Court of the United States explicitly held that Congress did not have the authority to enact § 13981 pursuant to the Commerce Clause and § 5 of the Fourteenth Amendment. <u>Morrison</u>, 529 U.S. at 627.  Therefore, the Supreme Court held that § 13981 is unconstitutional and that no action can be brought pursuant to this section against another party.  <u>Id.</u>

In the instant action, Plaintiffs have alleged a cause of action against Partridge, individually and in her official capacity, pursuant to 42 U.S.C. § 13981.

Therefore, because this statute has been declared unconstitutional for more than 9 years, this Court should dismiss this claim against Partridge in both her individual and official capacity as Jail Administrator of Liberty County, Florida.  US. v. Tom, 558 F.Supp.2d 931 (D.Minn. 2008) ("If Congress has exceeded its constitutional authority in enacting a statute, then the statute may not be given effect and an action founded on it must be dismissed."); Morrison, 529 U.S. at 604; U.S. v. Lopez, 514 U.S. 549, 551 (1995).  Furthermore, this Court should award attorney's fees and costs to Partridge pursuant to Fed. R. Civ. P. 11(c), 42 U.S.C. § 1988 and 42 U.S.C. § 1927 because:   Partridge conferred with Plaintiffs' counsel regarding voluntarily dismissing these counts against her; the Supreme Court has held for over nine years that 42 U.S.C. § 13981 is unconstitutional; and Plaintiffs' counsel refused to dismiss these claims after Partridge's counsel brought this to Plaintiffs' counsel's attention.

WHEREFORE, Defendant, Fannie Partridge, individually and in her official capacity as Jail Administrator of Liberty County, Florida, respectfully requests this Court enter an order dismissing count I of Plaintiffs' Complaint with prejudice and award attorney's fees to Defendant pursuant to the foregoing statutes, case law and arguments.

D.   **THIS COURT SHOULD DISMISS COUNTS I, II, III, IV, V, X, and XII OF PLAINTIFFS' COMPLAINT AGAINST PARTRIDGE, IN HER OFFICIAL CAPACITY AS JAIL ADMINISTRATOR OF LIBERTY COUNTY, FLORIDA.**

"A suit against a government official in her official capacity is deemed a suit

against the entity that he represents." Brown v. Neumann, 188 F.3d 1289, 1290 (11th Cir. 1999); Kentucky v. Graham, 473 U.S. 159 (1985). In the instant case, the Plaintiffs have sued the Sheriff of Liberty County in his official capacity, Partridge in her official capacity, William Strawn in his official capacity, and Michael Bryant in his official capacity. See Compl. Furthermore, the Plaintiffs have sued all the defendants in their official capacity for the exact same counts. See Compl. Thus, the Plaintiffs have alleged the same exact count against Liberty County several different times.

This Court has held that to allow the Plaintiffs to do so is duplicative and misleading. Nelson v. City of Panama City, Florida, 176 F.Supp.2d 1288, 1290 (N.D. Fla. 2001). There is no reason to allow the Plaintiffs to allege the same causes of action against Liberty County through officers in their official capacity several times when the Plaintiffs have already made those same allegations against Liberty County through the Sheriff in his official capacity. To do otherwise, would be "redundant and . . . confusing to the jury." Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). Therefore, to avoid redundancy and misleading the jury, this Court should dismiss all claims against Partridge in her official capacity because they are redundant and misleading since a suit against a governmental official in her official capacity is a suit against the entity that she represents.

WHEREFORE, Defendant, Fannie Partridge, in her official capacity as Jail Administrator of Liberty County, Florida, respectfully requests this Court dismiss

counts, I, II, III, IV, V, X and XII against her in her official capacity based upon the foregoing case law and arguments.

**E.    THIS COURT SHOULD DISMISS COUNTS IV AND V OF PLAINTIFFS' COMPLAINT AGAINST PARTRIDGE, INDIVIDUALLY, BECAUSE THE FOURTEENTH AMENDMENT DOES NOT PROVIDE A CAUSE OF ACTION AGAINST PRIVATE ACTORS, ONLY STATE ACTORS.**

The Fourteenth Amendment only provides a cause of action against state actors, and does not provide a remedy against private actors, no matter how "discriminatory or wrongful" their conduct may be. Morrison, 529 U.S. at 621; U.S. v. Harris, 106 U.S. 629, 639 (1883); Virginia v. Rives, 100 U.S. 313, 318 (1879) ("The provisions of the Fourteenth Amendment of the Constitution we have quoted all have reference to State action exclusively, and not to any action of private individuals."). In the instant case, Plaintiffs have plead counts IV and V against Partridge, individually, pursuant to the Fourteenth Amendment. Although count IV states it is pursuant to the Fourth Amendment, after examining the allegations, it is apparent that the Plaintiffs intended their allegations to be brought under the guise of the Fourteenth Amendment, not the Fourth Amendment. See Compl. ¶¶ 74-82.

As previously stated, all counts against a defendant that fail to provide an actual legal remedy and cause of action should be dismissed by this Court with prejudice to minimize costs and time. Twombly, 550 U.S. at 558. Therefore, because the Plaintiffs' have alleged claims against Partridge, individually, pursuant to the Fourteenth Amendment and the Fourteenth Amendment does not provide a

cause of action or remedy against private actors, which Partridge is in regards to the claim individually brought against her, this Court should dismiss with prejudice counts IV and V. Furthermore, this Court should award attorney's fees and costs to Partridge pursuant to Fed. R. Civ. P. 11(c), 42 U.S.C. § 1988 and 42 U.S.C. § 1927 because: Partridge conferred with Plaintiffs' counsel regarding voluntarily dismissing these counts against her; the Supreme Court has held for over a hundred years that claims against private individuals cannot be brought pursuant to the Fourteenth Amendment; and Plaintiffs' counsel refused to dismiss these claims after Partridge's counsel brought this to Plaintiffs' counsel's attention.

WHEREFORE, Defendant, Fannie Partridge, individually, respectfully requests this Court enter an order dismissing counts IV and V of Plaintiffs' Complaint with prejudice and award attorney's fees to Defendant pursuant to the foregoing statutes, case law and arguments.

**F. THIS COURT SHOULD DISMISS COUNT X OF PLAINTIFFS' COMPLAINT AGAINST PARTRIDGE, INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY AS JAIL ADMINISTRATOR OF LIBERTY COUNTY BECAUSE DEFENDANTS, BRYANT AND STRAWN, WERE EMPLOYEES OF CALHOUN COUNTY SHERIFF'S OFFICE AND WERE NEVER EMPLOYED BY THE LIBERTY COUNTY SHERIFF'S OFFICE OR THE LIBERTY COUNTY JAIL**

As to Count X, the Plaintiffs have alleged that Partridge, individually and in her official capacity, negligently retained and supervised Calhoun County Sheriff's Deputies Bryant and Strawn. Paragraph 13 of Plaintiffs' Complaint states that Bryant and Strawn were employees of the Defendant, Sheriff Tatum, as Sheriff

of Calhoun County, Florida, and at all material times Bryant and Strawn were Sheriff Tatum's agents on behalf of Calhoun County and their Sheriff.   There is no allegation that Bryant and Strawn were ever employees of the Liberty County Sheriff's Office or the Liberty County Jail.  As to the Defendant, Strawn, Paragraphs 25 and 26 of the Plaintiffs' Complaint allege that Strawn attempted to "fondle, molest and attempt to forcible rape Plaintiff" after she was released from the Liberty County Jail. Partridge contends that Plaintiffs have failed to state a cause of action against the Defendant, Partridge, individually and in her official capacity as Jail Administrator for Liberty County, Florida since Bryant and Strawn were never employees of the Liberty County Sheriff's Office or the Liberty County Jail.

Negligent supervision and retention occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigation, discharge or reassignment.  Garcia v. Duffy, 492 So.2d 435, 438-39 (Fla. 2d DCA 1986).

The Plaintiff must allege facts sufficient to show that once an employer received actual or constructive notice of problems with an employee's fitness, it was unreasonable for the employer not to investigate or take corrective action.  Garcia, at 441.   The employer's liability for negligent supervision or retention is not, however, unlimited; not only must the employer owe a duty to the Plaintiff, but the breach must be the proximate cause of the Plaintiff's harm.  Watson v. City of

<u>Hialeah</u>, 552 So.2d 1146, 1149 (Fla. 3d DCA 1989).  There must be a connection and forseeability between the employee's employment history and the current tort committed by the employee.  See <u>Dickinson v. Gonzalez</u>, 839 So.2d 709, 713-14 (Fla. 3d DCA 2003); <u>Island City Flying Serv. v. Gen. Elec. Credit Corp.</u>, 585 So.2d 274, 277 (Fla. 1991).

Under § 768.28(9)(a), Florida Statutes, a government entity is not liable for wrongful acts taken by an employee either (i) outside the scope of employment, (ii) with malicious purpose, or (iii) in wonton and willful disregard of the safety of others.

As stated above, Plaintiffs' complaint fails to set forth sufficient facts which set forth that Bryant and Strawn were ever employees of the Liberty County Sheriff's Office or the Liberty County Jail.  Accordingly, as to Count X, the Plaintiffs have failed to state a cause of action against the Defendant, Partridge, individually or in her official capacity as Jail Administrator of the Liberty County Jail.

**G.    THIS COURT SHOULD STRIKE ALL PARAGRAPHS IN PLAINTIFFS' COMPLAINT UNDER COUNTS X AND XII THAT SEEK OR REFER TO PUNITIVE DAMAGES BECAUSE IT IS IMPROPER FOR PLAINTIFFS' TO ALLEGE ENTITLEMENT TO PUNITIVE DAMAGES AT THIS STAGE OF THE PROCEEDING PURSUANT TO FLA. STAT. § 768.72.**

Fla. Stat. § 768.72 requires that:

In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages.  The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure.  The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which

> appears reasonably calculated to lead to admissible evidence on the
> issue of punitive damages.  No discovery of financial worth shall
> proceed until after the pleading concerning punitive damages is
> permitted.

Fla. Stat. § 768.72(1).

Fla. Stat. § 768.72(1) "provides a substantive right to parties not to be subjected to a punitive damage claim and attendant discovery of financial worth until the requisite showing under the statute has been made to the trial court." Estate of Despain v. AvanteGroup. Inc., 900 So. 2d 637, 641 (Fla. 5th DCA 2005); Neill v. Gulf Stream Coach, Inc., 966 F.Supp. 1149, 1155-56 (M.D. Fla. 1997) (holding that defendant has a substantive right to be protected from punitive damages until the court has determined there is a reasonable evidentiary basis); Globe Newspaper Co. v. King, 658 So. 2d 518, 519 (Fla.1995).  Furthermore, the Florida Supreme Court held in Simeon Inc. v. Cox, 671 So. 2d158 (Fla. 1996), that:

> To comply with [section 768.72's] requirements, a plaintiff must obtain
> leave from the trial court to amend the complaint before punitive
> damages may be asserted.  At that point, the trial court must make a
> determination that there is a reasonable basis for the recovery of
> punitive damages.  It was inconsequential that the trial court in this
> case subsequently held a hearing on the motions to dismiss and to
> strike: any punitive damages claim alleged prior to a party asking for
> and receiving leave of the court must be dismissed or stricken.

671 So. 2d at 160; Cypress Aviation, Inc. v. Bollea, 826 So. 2d 1091, 1092 (Fla. 2d DCA 2002).

In the instant case, the Plaintiffs have failed to comply with the requirements of Fla. Stat. § 768.72.  Therefore, all claims for punitive damages alleged in counts

X and XII should be dismissed or stricken from the Complaint because the Plaintiffs have not:  complied with Fla. Stat. § 768.72's pleading requirements; sought leave of court to assert such damages; and proffered any evidence or introduced any evidence that supports a claim for punitive damages.

WHEREFORE, Defendant, Fannie Partridge, individually and in her official capacity as Jail Administrator of Liberty County, Florida, respectfully requests this Court dismiss or strike all claims for punitive damages alleged in counts X and XII based on the foregoing statutes, case law and arguments.

### G.   CONCLUSION

Based upon the foregoing statutes, case law and arguments, Defendant, Fannie Partridge, individually and in her official capacity as Jail Administrator of Liberty County, Florida, respectfully requests this Court to dismiss with prejudice or strike from the Complaint: counts I and X against Fannie Partridge, individually and in her official capacity as Jail Administrator of Liberty County, Florida; counts I, II, III, IV, V, X and XII against Fannie Partridge in her official capacity; and counts IV and V against Fannie Partridge in her individual capacity, and strike any claims for punitive damages which Plaintiff may have alleged against the Defendant, Partridge, individually and/or in her official capacity as Jail Administrator for Liberty County, Florida, as referenced in Counts X and XII of Plaintiffs' Complaint.

### H.   CERTIFICATE OF CONFERRAL

Pursuant to N.D. Fla. Loc. R. 7.1, the undersigned counsel certifies that he

has attempted to confer with Plaintiffs' counsel, Angelique D. Knox, regarding the filing of this Motion.   However, as of the time of filing, he has not received any response from Plaintiffs' counsel.   Accordingly, the undersigned counsel assumes Plaintiffs' counsel is opposed to granting the undersigned counsel the relief sought on behalf of her clients.

Respectfully submitted this 29th day of July, 2009.

WARNER & WINTRODE, P. A.

s/ *Timothy M. Warner*

Timothy M. Warner
Florida Bar No. 0642363
519 Grace Ave. (32401)
Post Office Box 1820
Panama City, FL  32402
Phone No. (850) 784-7772
Telecopier No. (850) 784-7756
timwarner@warnerlaw.us
*Attorney for Defendants Harrell Revell, individually and in his official capacity as Sheriff of Liberty County, Florida; and Fannie Partridge, individually and in her supervisory capacity as Jail Administrator for Liberty County, Florida*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF Service only to:

Angelique D. Knox, Esq.
Craig J. Brown, Esq.
1315 N. Bronough
Tallahassee, Florida 32303
Email: angelique.Knox@yahoo.com
Email: cjbthelaw@embarqmail.com
*Attorneys for Plaintiffs*

Jeannette M. Andrews
Andrews, Crabtree, Knox & Andrews, LLP
P.O. Box 12800
Tallahassee, FL 32317-2800
Email: jandrews@ackalaw.com
*Attorney for Defendants Tatum & Coburn*

Carl Peterson, Jr., Esq.
Jolly & Peterson, P.A.
P.O. Box 37400
Tallahassee, Florida 32315
Email: crp@jollylaw.com
E-mail: bac@jollylaw.com
*Attorney for Defendant Bryant*

and by standard U.S. Mail to:

William Strawn
19156 NW 22nd Street
Blountstown, FL 32424
*Pro Se Defendant*

this 29th day of July, 2009.

s/ *Timothy M. Warner*
Timothy M. Warner
Florida Bar No. 0642363