# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

LISA ANN VAUGHN and
PHILLIP VAUGHN,

      Plaintiff,

v.                                      CASE NO. 4:09cv169-RH/WCS

HARRELL W. REVELL, etc.,
et al.,

      Defendants.

_____/

## ORDER ON MOTIONS TO DISMISS

      The plaintiff alleges that two deputy sheriffs fondled and attempted to rape her in separate incidents while she was in custody. She and her husband seek relief under federal and state law against the deputies and against higher-ranking officials: sheriffs and jail administrators. The defendants have moved to dismiss or strike parts of the complaint. This order grants the motions in part. The order addresses the defendants' contentions but does not address the sufficiency of the complaint in other respects.

*I. The Facts*

      For purposes of the motions to dismiss, the complaint's factual allegations,

though not its conclusions, must of course must be accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555,127 S. Ct. 1955, 167 L. Ed. 2d. 929 (2007). According to the complaint, the plaintiff Lisa Ann Vaughn was arrested in Calhoun County, Florida, and detained at the jail in the adjoining county—Liberty County—as was customary for Calhoun County female detainees. The defendant Michael Bryant—a Calhoun County deputy sheriff—came into her cell, fondled her, and attempted to rape her. The charges against Ms. Vaughn were soon dropped, and the defendant William Strawn—another Calhoun County deputy sheriff—was assigned to drive Ms. Vaughn home. On the way, Mr. Strawn fondled and attempted to rape Ms. Vaughn.

## II. The Claims

Ms. Vaughn has sued the offending deputies and four others, all in their individual and official capacities. The others are Liberty County Sheriff Harrell W. Revell, Liberty County Jail Administrator Fannie Partridge, Calhoun County Sheriff David L. Tatum, and Calhoun County Jail Administrator Sonny Coburn.

Ms. Vaughn asserts a claim against all defendants under the Violence Against Women Act, 42 U.S.C. § 13981 (count 1). She asserts claims against all defendants under 42 U.S.C. § 1983 based on constitutional violations (counts 2, 3, 4, and 5). She asserts state common-law claims—for assault, battery, false

imprisonment, and intentional infliction of emotional distress—against the offending deputies (counts 6, 7, 8, and 9). Finally, she asserts state common-law claims—for negligent supervision, negligent retention, and negligent policy formulation and enforcement—against the sheriffs and jail administrators (counts 10, 11, 12, and 13).

Ms. Vaughn demands compensatory and punitive damages against all defendants.

## III.  The Violence Against Women Act Claims

The United States Supreme Court has held that 42 U.S.C. § 13981—which is part of the Violence Against Women Act—is unconstitutional. *See United States v. Morrison*, 529 U.S. 598, 613, 120 S. Ct. 1740, 146 L. Ed. 2d 658 (2000). The claims under this provision thus will be dismissed.

## IV.  Equal Protection

The deputies assert the complaint fails to adequately state an equal-protection claim. But the complaint asserts that Ms. Vaughn, a woman, was sexually assaulted by the deputies, who are men. At least implicit is the assertion that the deputies would not have sexually assaulted a male detainee. When a detainee is subjected to substantially worse conditions because of her gender, she is denied equal protection of the law. The complaint adequately states a claim against the deputies on this basis.

## V.  Individual Liability for Acts under Color of Law

When a government actor—that is, a person acting under color of law—fondles and attempts to rape a detainee, the actor rather obviously violates the victim's constitutional rights.  The victim may recover from the officer individually under 42 U.S.C. § 1983 and under state law.  The victim may recover from another officer individually if the officer's own unconstitutional conduct caused the violation; if the officer participated in the violation; or if the officer knew about the ongoing violation, was in a position to stop it, and failed to stop it.  The motions to dismiss do not question the sufficiency of the complaint's allegations of these facts, and I thus do not address the issue.

The motions to dismiss do seem to assert, however, that an officer cannot be sued *in his individual capacity* for constitutional violations of this kind, because the constitutional provisions at issue apply only to governmental action.  The assertion is incorrect.  An officer may be held individually liable if, while acting under color of law, he violates a person's constitutional rights.  *See, e.g., Hafer v. Melo*, 502 U.S. 21, 28, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991); *West v. Atkins*, 487 U.S. 42, 49-50, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).  "[S]tate employment is generally sufficient to render the defendant a state actor. . . ." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 n.18, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982).

Indeed, the defendants' assertion is so far wide of the mark that few cases specifically address it. Those that speak to the contention squarely reject it. *See Med. Corp. v. City of Lima*, 296 F.3d 404, 417 (6th Cir. 2002) (rejecting argument that state action requirement cannot be satisfied in an individual-capacity action); *Dominic J. v. Wyo. Valley W. High Sch.*, 362 F. Supp. 2d 560, 566 (M.D. Pa. 2005) ("[I]t does not follow that simply because an action is brought against a government official in his or her individual capacity that state action is automatically absent.").

To be sure, an officer sued in his or her individual capacity may have qualified immunity. But the motions to dismiss do not assert qualified immunity. And any assertion that *the deputies* have qualified immunity would be unfounded; fondling and attempting to rape a detainee is unconstitutional as a matter of clearly settled law.

## *VI. The Redundant Official-Capacity Claims*

Filing a complaint against an officer in his or her official capacity is "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). A complaint thus need only name the entity or a single official-capacity defendant; naming more than one defendant from the same entity serves no purpose. When more than one defendant is sued for the same entity, all but one

may properly be dismissed as redundant. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991).

The proper official-capacity defendant for claims against a Florida sheriff is the sheriff in his official capacity. The deputies and jail administrators work for the sheriffs. The official-capacity claims against them add nothing to the case and will be dismissed.

## *VII. The Official-Capacity Claims Against Sheriff Revell*

Ms. Vaughn asserts claims against Liberty County Sheriff Revell in his official capacity even though the deputies who fondled and attempted to rape her worked for Calhoun County Sheriff Tatum, not for Sheriff Revell. Sheriff Revell moves to dismiss the official-capacity claims against him on this basis. (Ms. Partridge contends the official-capacity claims against her should be dismissed on analogous grounds, but the dismissal of all the official-capacity claims against her, *see supra* section VI, renders her contention moot.)

The standards governing the § 1983 claim against Sheriff Revell in his official capacity are set out in *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). There the Court said that a city can be held liable under § 1983 for an employee's constitutional violation only if (1) the violation was based on a city policy or custom or (2) the employee is one whose edicts or acts may fairly be said to represent official policy. The same

standards apply to a claim against a Florida sheriff in his official capacity.

The complaint does not adequately allege that constitutional violations resulted from a Liberty County Sheriff's Department policy or custom, and Deputies Bryant and Strawn plainly were not individuals whose edicts or acts could fairly be said to represent official policy. The complaint fails to state a § 1983 claim on which relief can be granted against Sheriff Revell in his official capacity.

Ms. Vaughn also asserts state-law claims against Sheriff Revell for negligent supervision and retention of the offending deputies and for negligent policy formulation and enforcement. Sheriff Revell has moved to dismiss only the negligent supervision and retention claim.

The Sheriff had a duty to use reasonable care for the safety of detainees. But the theory of the negligent-supervision and -retention claim is not that the Sheriff or any employee of the Sheriff failed to use reasonable care. The theory, instead, is that the Sheriff negligently supervised or retained the offending deputies. Those deputies were employees of Sheriff Tatum. The complaint fails to allege facts showing that Sheriff Revell had a duty to supervise the deputies or had any role in retaining them. The complaint fails to state a negligent-supervision or -retention claim against Sheriff Revell on which relief can be granted. These claims will be dismissed.

## VIII.  Punitive Damages

Neither § 1983 nor state law allows recovery of punitive damages against a government or official-capacity defendant.  *See, e.g., City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 265-66, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981); § 768.28(5), Fla. Stat. (indicating that Florida's waiver of sovereign immunity for itself and its subdivisions "shall not include punitive damages").  The claims for punitive damages against the official-capacity defendants will be struck.

The individual defendants seek to dismiss the punitive-damages claims based on § 768.72, Fla. Stat.  The statute imposes restrictions on the pleading of punitive damages claims in Florida state court.  But the statute is inapplicable in federal court.  *See Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir.2000) ("Florida Statute § 768.72 conflicts with and must yield to the 'short and plain statement' rule contained in Federal Rule of Civil Procedure 8(a)(3).");  *Buxton v. Allstate Ins. Co.*, Case No. 5:97cv274-RH (N.D. Fla. Apr. 10, 1998) (same) (unpublished order).

## IX.  Attorney's Fees on the Assault and Battery Claims

The complaint includes a demand for attorney's fees not only for the § 1983 claims but also for the common-law assault and battery claims.  A party who prevails on an assault or battery claim is not for that reason entitled to recover fees.  The demand for fees will be struck.

*Case No: 4:09cv169-RH/WCS*

## X. Attorney's Fees for the Defendants

Finally, the defendants assert they should recover fees for their successful defense of the Violence Against Women Act claim, which has been dismissed by this order. They seek a fee award under the "prevailing party" fee provision in 42 U.S.C. § 1988, under Federal Rule of Civil Procedure 11, and under 28 U.S.C. § 1927.

The defendants have won a legal ruling on one theory of recovery, but the ruling probably will have no effect on the ultimate outcome of the case. It thus is not at all clear that the defendants are "prevailing parties" within the meaning of § 1988. *See Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792, 109 S. Ct. 1486, 103 L. Ed. 2d 866 (1989) ("[A] technical victory may be so insignificant . . . as to be insufficient to support prevailing party status"). And the defendants cannot recover under § 1927 for the filing of an unsupportable complaint. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 786 (11th Cir. 2006) (collecting authorities and holding that § 1927 does not apply to a plaintiff's initial complaint).

I assume, though, that fees could be awarded under Rule 11. Even so, I choose as a matter of discretion not to award fees. *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002) (noting a court's discretion whether to award sanctions under Federal Rule of Civil Procedure 11); 4 Wright & Miller,

Federal Practice and Procedure § 1336.1 (3d ed. 2004) (noting that a factor properly considered in exercising Rule 11 discretion is whether the violation was an isolated event).

It is true, of course, that the plaintiffs missed the Supreme Court decision invalidating the relevant portion of the Violence Against Women Act. So, too, the defendants missed the Eleventh Circuit decisions holding § 768.72 inapplicable in federal court and § 1927 inapplicable to a complaint. All should try to do better next time. None of this warrants the imposition of sanctions.

## XI.  Conclusion

For these reasons,

IT IS ORDERED:

1.  The motions to dismiss (documents 12, 15, 17, 21, 22, and 26) are GRANTED IN PART and DENIED IN PART.

2.  The claim under 42 U.S.C. §13981 is dismissed.

3.  The claims against the defendants Michael Bryant, William Strawn, Fannie Partridge, and Sonny Coburn, in their official capacities, are dismissed.

4.  The claims against the defendant Harrell W. Revell in his official capacity are dismissed.

5.  The state-law claims for negligent supervision and retention against the defendant Harrell W. Revell are dismissed.

6.  The demands for punitive damages against the official-capacity defendants are struck.

7.  The demands for attorney's fees on the assault and battery claims are struck.

8.  The defendants' request for an award of attorney's fees is denied.

SO ORDERED on August 31, 2009.

s/Robert L. Hinkle<br>
United States District Judge