# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

LISA ANN VAUGHN and
PHILLIP VAUGHN,

      Plaintiffs,

v.                                  CASE NO. 4:09cv169-RH/WCS

HARRELL W. REVELL, etc.,
et al.,

      Defendants.

_____/

## ORDER COMPELLING DISCOVERY AND GRANTING LEAVE
## TO DEPOSE MR. VAUGHN AFTER THE DISCOVERY DEADLINE

For the reasons set out on the record of the telephone hearing on October 15, 2009,

IT IS ORDERED:

1. The motion to extend the discovery deadline (document 65) is GRANTED IN PART. The discovery deadline remains October 30, 2009, but the defendants are granted leave to depose the plaintiff Phillip Vaughn at any reasonable time prior to the pretrial conference.

2. The defendant Michael Bryant's motion to require disclosure of records

of the Department of Children and Families (document 58) is DENIED without prejudice to renewal if appropriate after the plaintiff Lisa Ann Vaughn is deposed.[1] Mr. Bryant's position on this motion was substantially justified, and attorney's fees thus are not assessed against him.[2]

    3.  The motion of the defendants Sonny Coburn and David L. Tatum to compel discovery (document 59) is GRANTED.  Ms. Vaughn must provide

---

[1] Ms. Vaughn's attorney said during the hearing that she will admit unequivocally that she was guilty of the criminal charges that resulted from Mr. Bryant's investigation and arrest of Ms. Vaughn and that DCF's actions resulting from Mr. Bryant's investigation and arrest were proper.  If Ms. Vaughn takes a different position at her deposition, or equivocates, an order will be entered requiring DCF to provide the records at issue, subject to a further order prohibiting the attorneys from disclosing the records to anyone else and prohibiting them from using the records except in connection with this lawsuit.  If, based on Ms. Vaughn's deposition testimony, the records are not made available, and if Ms. Vaughn testifies differently at trial, appropriate action will be taken to ensure that the defendants are not prejudiced.  The appropriate action may include a sufficient instruction to the jury—for example, an explanation of what happened in terms that eliminate any possibility of prejudice—or an order granting a new trial.

[2] Under Federal Rule of Civil Procedure 37(a)(5)(A) & (B), the party or attorney who loses a discovery motion "must" be ordered to pay the adversary's reasonable expenses, including attorney's fees, unless the losing position was "substantially justified" or "other circumstances make an award of expenses unjust."  Unless these conditions are met, an award of sanctions is "mandatory." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. Unit A June, 1981)).  A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988) (internal citations and punctuation omitted); *Devaney*, 989 F.2d at 1163.

*Page 3 of 4*

complete answers to Mr. Coburn's interrogatories 3 and 5 and to Mr. Tatum's interrogatories 7, 16, and 17.³  Copies of the answers—which need not be sworn or show Ms. Vaughn's signatures—must be provided to the attorney Jeannette M. Andrews by 11:00 a.m. E.D.T. on Monday, October 19, 2009, in a manner ensuring actual receipt by that time.  A properly sworn and signed copy must be provided to Ms. Andrews by 1:00 p.m. on October 19.  Ms. Vaughn's position on this motion—and in failing to answer the interrogatories fully the first time around—was not substantially justified, and under the circumstances an award of expenses would not be unjust.  Attorney's fees are assessed in favor of Mr. Coburn and Mr. Tatum against Ms. Vaughn and her attorney Craig Jerome Brown.⁴

---

³ Ms. Vaughn's responses to interrogatories 3 and 7 were essentially: "I don't know what information my attorney has."  This will not do.  It is settled that "[a] party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of her attorney." *Hickman v. Taylor*, 329 U.S. 495, 504, 67 S. Ct. 385, 91 L. Ed. 451 (1947); *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1210-11 & n.4 (8th Cir. 1973); *Gonsalves v. City of New Bedford*, 168 F.R.D. 102, 108-09 (D. Mass. 1996); *Naismith v. Prof'l Golfer's Ass'n*, 85 F.R.D. 552, 565 (N.D. Ga. 1979) (citing *Hickman*).  A party's response to an interrogatory "must disclose facts in its attorney's possession even though the facts have not been transmitted to the party."  8A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2177 (2d ed. 1994); *see also Gonsalves*, 168 F.R.D. at 108 (collecting authorities).  In addition, Ms. Vaughn's responses to interrogatories 5, 16, and 17 were clearly inadequate and do not reflect a good-faith, conscientious effort to answer the questions, as is required.  *See* Wright & Miller, *supra*, at 323; *see also AAB Joint Venture v. U.S.*, 75 Fed. Cl. 448, 461 (2007) (noting that a party is required to "reasonably interpret" an interrogatory and to "make a conscientious, good-faith effort to answer" it).

⁴ *See supra* note 2.

4. In order to avoid unnecessary expense in connection with determining the amount of the fee award, fees are assessed in the amount of $750. A person who asserts that this is not the appropriate amount may file within 14 days a motion for redetermination of the amount of fees, and the amount will be determined *de novo*. Attorney's fees may be assessed against a person who loses a motion for redetermination. Fees assessed by or based on this order must be paid by October 30, 2009 (if no motion for redetermination is filed) or within 14 days after entry of an order on any motion for redetermination.

SO ORDERED on October 20, 2009.

s/Robert L. Hinkle
United States District Judge